**EXHIBIT D**

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>7325 S. Potomac Street, #100<br>Centennial, Colorado  80112<br>(303) 645-6600 | DATE FILED: June 9, 2023 12:08 PM<br>FILING ID: 88FBFF4EA04F7<br>CASE NUMBER: 2023CV31101 |
| **Plaintiffs:**<br>FRANKLIN D. AZAR, and<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.,<br>a Colorado professional services corporation.<br>v.<br>**Defendants:**<br>TIMOTHY P. MCKEY, C.P.A,<br>MCKEY BUSINESS GROUP, APC, and<br>VISTA CONSULTING, INC. | ▲ **COURT USE ONLY** ▲ |
| Attorney for Plaintiffs:<br>   Charles P. Kersch, Jr.<br>   Law Office of Charles P. Kersch, LLC<br>   225 Union Blvd., Suite 150<br>   Lakewood, Colorado  80228<br>Phone:  303-974-6982    E-mail: cpklaw@msn.com<br>Fax:    303-697-5620     Reg. No. 38027 | Case Number:<br><br><br>Division:        Courtroom: |
| **COMPLAINT** | |

Plaintiffs, Franklin D. Azar and Franklin D. Azar & Associates, P.C., by and through undersigned counsel, hereby submit this Complaint against the above-named Defendants requesting relief as stated herein, and as grounds allege as follows:

## SUMMARY OF THE CASE

1.    Plaintiffs bring this action to recover for the damages resulting from, among other things, the erroneous tax returns that were prepared and filed by, Defendants, for taxable year 2017.

2.    Because the Plaintiffs' businesses activities are elaborate and complex, the preparation of Mr. Azar's individual tax returns, and those of his related business entities, requires extensive data gathering, and extensive knowledge and skills required to handle tax issues unique to personal injury law firms, property transactions and rental activities.

3.    In December of 2019, the Internal Revenue Service notified Mr. Azar of significant errors discovered in his 2017 federal income tax return (IRS Form 1040) and proposed substantial adjustments to the amount of tax due, penalties and interest, which resulted in Plaintiffs having to: (1) retain a new accounting firm to review and correct the errors and omissions contained in the tax returns prepared by Defendants, (2) prepare and file amended tax

returns correction the errors contained in the original returns, (3) Petition the U.S. Tax Court to resolve the adjustments proposed by the IRS, and determine his correct tax liability for taxable year 2017, and (4) resolve issues and adjustments arising from the Tax Court's Decision with state and local taxing authorities.

## PROCEDURAL HISTORY

4.      On December 9, 2021, the Plaintiffs filed a complaint in Arapahoe County District Court (Case No. 2021CV32123) asserting various claims for relief and seeking damages from Defendants resulting from, among other things, the 2017 income tax returns prepared and filed by Defendants for Mr. Azar and his related entities.

5.      Because Mr. Azar's Tax Court case was ongoing and the full extent of Plaintiffs' damages were not yet known, the parties entered into a standstill agreement regarding the civil action, stipulating to dismiss the suit without prejudice while preserving all of the parties' rights related to this matter (including the right to re-file this action) until ninety (90) days following entry of a Decision in the U.S. Tax Court case, Azar v. Commissioner, Docket No. 11209-21.

6.      A Decision was entered in the Tax Court case on December 13, 2022.

7.      Prior to the expiration of the forbearance period, the parties amended their standstill agreement, further extending tolling the statute of limitations on any claim or potential claim that the Plaintiffs may assert against the Defendants (individually or collectively), until and including June 11, 2023, in an effort to potentially reach a settlement concerning the claims asserted in the civil action.

## PARTIES

8.      Plaintiff, Franklin D. Azar ("Frank Azar"), is an individual residing in Arapahoe County, Colorado.

9.      Plaintiff, Franklin D. Azar & Associates, P.C. ("FDA & Assocs."), is a Colorado professional service corporation in good standing with the Colorado Secretary of State, and whose principal place of business is located at 14426 E Evans Ave. in Aurora, Colorado.

10.      Defendant Timothy P. McKey, C.P.A. is a certified public accountant licensed in the state of Louisiana and, on information and belief, resides at 64 Longwood Dr. in Baton Rouge, Louisiana.  Mr. McKey is the owner of Vista Consulting, Inc. and McKey Business Group, APC.

11.      Defendant McKey Business Group, APC ("McKey Business Group") is a Louisiana professional corporation in good standing with the Louisiana Secretary of State, and with a registered office located at 9522 Brookline Ave., Suite 213, Baton Rouge, Louisiana.

12.     Defendant Vista Consulting, Inc. ("Vista Consulting" or the "Vista Consulting Team") is a Louisiana business corporation in good standing with the Louisiana Secretary of State, and with a registered office located at 9522 Brookline Ave., Suite 213, Baton Rouge, Louisiana.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this matter pursuant to the Colorado Constitution, Article VI, §9.

14.     Jurisdiction is proper in this Court pursuant to the provisions of the Colorado long-arm statute, § 13-1-124 C.R.S., because Defendants held meetings in Colorado, performed work in Colorado, and Colorado was the focal point of Defendants' actions.

15.     Venue is proper in this Court pursuant to C.R.C.P. 98 because Plaintiff Frank Azar resides in this judicial district, and the principal place of business and nerve center of Plaintiff Franklin D. Azar & Associates, P.C. is located in Arapahoe County, Colorado

16.     Venue is also proper in this Court because the parties entered into an express contract for the services provided by Defendants, whereby the Laws of the State of Colorado shall apply in enforcing their agreement (copies of the Vista Consulting's services Fixed Price Agreement and Confidentiality, Non-Disclosure and Non-Use Agreement are collectively attached hereto as **Exhibit A**).

## BACKGROUND

17.     On December 26, 2017, Frank Azar engaged Vista Consulting to perform an analysis of FDA & Assocs.' business practices and to provide recommendations to increase the law firm's efficiency and profitability.

18.     Although the parties' Fixed Price Agreement and Confidentiality, Non-Disclosure and Non-Use Agreement (herein "Agreement") entitled Mr. Azar and his staff unlimited consultations with Vista Consulting, the Agreement also provides that "the parties agree that if an unanticipated need arises, the Vista Consulting Team hereby agrees to perform this additional work at a mutually agreed upon price…" (**Exhibit A, pg. 3**).

19.     Furthermore, the Agreement contains the following guarantee: "Our work is guaranteed to the complete satisfaction of the customer!  If you are not delighted by the services performed by the Vista Consulting Team, we will either refund the price, or propose a price reduction that reflects your level of satisfaction." (**Exhibit A, pg. 3**).

20.     Upon executing the Agreement, Mr. McKey and members of the Vista Consulting Team began traveling to Colorado to conduct face-to-face meetings with Mr. Azar and staff at Azar & Assocs. to familiarize themselves with Plaintiffs' business operations, and to review Plaintiffs financial records, tax information and the company's prior year's tax returns. Such meetings were generally followed by frequent phone calls and exchanges of information

*via* email.

21.     Shortly thereafter, Mr. McKey began promoting the benefits of having Vista Consulting handle Mr. Azar's and FDA & Assocs.' accounting and tax needs, including the preparation of Frank Azar's individual income tax returns, as those for all of Frank Azar's related flow-through business entities.

22.     Relying on Mr. McKey's representations concerning his experience working with personal injury law firms and his ability to provide high-level accounting work, which were buoyed by the testimonials and assertions contained on Vista Consulting's web-site,[1] Plaintiffs expanded the scope of work to be performed by Mr. McKey and the Vista Consulting Team to include all of Plaintiffs' accounting and tax preparation needs (copies of the emails between FDA & Assocs.' Administration and finance Director, Olga Malcom, and Timothy McKey are collectively attached hereto as **Exhibit B**).

23.     While skilled in legal matters relating to personal injury and class action suits, Frank Azar is not skilled, trained, or experienced in accounting and tax matters and relied solely upon Mr. McKey and the Vista Consulting Team for all of his business and personal accounting and tax compliance needs (a copy of the Affidavit of Michael W. Sidon is attached hereto as **Exhibit C**).

24.     Throughout 2018, Timothy McKey and members of the Vista Consulting Team traveled to Colorado, to meet with the staff at FDA & Assocs. and perform work related to the compiling the company's financial records and preparing its tax returns, as well as gathering all the information needed to accurately prepare Frank Azar's individual income tax returns (both federal and state) for taxable year 2017 (copies of Timothy McKey's email confirming the same are collectively attached hereto as **Exhibit D**).

25.     Accordingly, during such meetings Frank Azar and FDA & Assocs.' staff timely provided Timothy McKey and members of the Vista Consulting Team all of the information necessary to accurately prepare: (1) FDA & Assocs.' financial books and records, (2) FDA & Assocs.' corporate income tax returns for 2017 (state and federal), (3) Frank Azar's 2017 individual income tax returns, and (4) the income tax returns for Frank Azar's other flow-through business entities.

26.     The tax returns prepared and electronically filed by Timothy P. McKey, C.P.A authorize him as third-party designee to represent Plaintiffs before the IRS relative to the 2017 tax return filings, and indicate that the McKey Business Group—not vista Consulting—as the accountable firm.

27.     Mr. McKey is the owner, Officer and Registered Agent of both Vista Consulting and McKey Business Group.  Both companies share the same office, use the same employees, and both provide consulting services.  Additionally, both companies share the same phone number and mailing address, and email from employees display the company logos of both the Vista Consulting Team and McKey Business Group.

---

[1] Available at *https://vistact.com/how-we-help/* and *https://vistact.com/how-we-help/special-projects/*.

28.     Both companies also share key employees. For example, Rebeka Summerville is listed as Consultant, Chief Financial Officer, and CPA of Vista Consulting and point of contact for McKey Business Group.[2] Similarly, Christina Ball is Senior account at Vista Consulting and also a point of contact for McKey Business Group.

29.     Further, Timothy McKey directed his communications with Plaintiffs, including those relating to tax matters, through a Vista Consulting email address, while Rebeka Summerville directed her communications, including those related to consulting, through McKey Business Group email address. *See* **Exhibit C and D**.

30.     In December of 2019, the Internal Revenue Service notified Frank Azar of "proposed changes" to his 2017 IRS Form 1040, *U.S. Individual Income Tax Return*, which were significantly different from the amounts reported on the returns prepared and filed by Defendants. The proposed changes resulted in a substantial increase in tax, penalties, and accrued interest.

31.     Mr. Azar retained Michael W. Sidon, C.P.A. to review the returns prepared by Mr. McKey and prepare amended returns, if needed. Mr. Sidon found several material errors in the returns prepared by Mr. McKey, and completed amended individual income tax returns for Mr. Azar's and his other related flow-through entities (FDA & Assocs.' Form 1120S and Form 1065 for FDR Ventures, LP) whose tax information is ultimately reported on Mr. Azar's Form 1040.

32.     Based on the amended returns prepared by Mr. Sidon, Frank Azar submitted a payment to the IRS in the amount of $311,752.00 to stop the running of interest while he resolved the disparity between the IRS' proposed adjustments and the amount due based on Mr. Sidon's calculations reflected on the amended returns.

33.     However, before Mr. Azar's amended income tax return could be processed, the IRS issued a second notice of proposed adjustments to the 2017 return prepared by Defendants, and shortly thereafter issued a Statutory Notice of Deficiency proposing $716,443.00 deficiency in tax and penalties of $143,113.00.

34.     As a result, Mr. Azar had no choice but to retain tax counsel to petition the U.S. Tax Court to redetermine the deficiencies, and additions thereto, asserted by the Commissioner of the Internal Revenue Service relative to the 2017 tax returns prepared and originally filed by Timothy P. McKey, C.P.A.

35.     While litigating the matter in Tax Court, additional errors were identified by IRS Counsel, and a Decision was entered in that case (T.C. Docket No. 11209-21), determining a deficiency in excess of the amount initially asserted in the IRS' Notice of Deficiency.

36.     Currently, Mr. Azar is working with the Colorado Department of Revenue to determine his correct state income tax liability for taxable year 2017, based on the Tax Court's

---

[2] Available at *https://vistact.com/who-we-are/* and *https://mckeybusinessgroup.com/about/*, respectively.

Decision.

37.     To date, Mr. Azar has incurred over $170,000.00 in legal accounting and tax preparation expenses, and accrued interest charges, related to correcting and resolving the problems created by the erroneous tax returns prepared and filed by Timothy McKey, C.P.A.

### FIRST CLAIM FOR RELIEF
### Breach of Express, Implied, or Quasi Contract

38.     Plaintiffs reassert and incorporate by reference all above allegations in paragraphs 1 through 37 as if fully set forth herein.

39.     Frank Azar, FDA & Assocs., Timothy McKey and Vista Consulting manifested their agreement as described above by Frank Azar and FDA & Assocs. retaining Timothy McKey and the Vista Consulting Team to provide tax and accounting services, and by Timothy McKey and the Vista Consulting Team performing such accounting services, preparing and filing FDA & Assocs.' 2017 business tax return, Mr. Azar's 2017 personal income tax return, and the 2017 tax returns of other flow-through entities owned by Mr. Azar.

40.     Timothy McKey and the Vista Consulting Team breached the terms of the contract, whether express, implied or quasi, they had with Frank Azar and FDA & Assocs. when the Defendants failed to accurately prepare the aforementioned tax returns and by reporting erroneous and unrealistic positions on the returns.

41.     Such breaches resulted in: (1) an IRS examination of Mr. Azar's 2017 individual income tax return, (2) proposed adjustments resulting in additional tax, penalties and interest, (3) litigation in the U.S. Tax Court to resolve the proposed adjustments, (4) a deficiency in tax and accrued interest, and (4) corresponding issues with the Colorado Department of Revenue to resolve the state income tax deficiencies based on the Tax Court's Decision.

42.     Defendants are liable to Frank Azar and FDA & Assocs. for the economic harm caused from their breach of contract.

43.     Plaintiffs have been damaged to the extent of compensatory damages and consequential damages, and attorney fees and costs including interest in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
### Breach of Fiduciary Duty

44.     Plaintiffs reassert and incorporate by reference all above allegations in paragraphs 1 through 43 as if fully set forth herein.

45.     Defendants created a fiduciary duty when they undertook to act primarily for the benefit of Plaintiffs in matters related to providing accounting services, tax return

preparation and filing obligations—for both Mr. Azar's business and personal needs.

46.     As fiduciaries, Defendants had a duty to deal with Plaintiffs the utmost good faith and solely for the benefit of Frank Azar and FDA & Assocs., and to be forthright and candid as to their dealings.

47.     As fiduciaries, Defendants had a duty to exercise reasonable care and skill competently and consistent with the standard of care and practice of competent licensed certified public accountants, and tax professionals authorized to practice before the Internal Revenue Service.  Such breaches of duties include but are not limited to:

    a.  Failing to accurately prepare Frank Azar's IRS Form 1040, *U.S. Individual Income Tax Return*, for taxable year 2017;

    b.  Failing to accurately prepare FDA & Assocs.' IRS Form 1120S, *U.S. Tax Return for an S Corporation*, for taxable year 2017;

    c.  Failing to accurately prepare the IRS Form 1065, *U.S. Return of Partnership Income*, of FDJR Ventures, LP for taxable year 2017;

    d.  Taking erroneous and unrealistic positions on the above-mentioned tax returns; and by

    e.  Failing to properly advise Plaintiffs as to the positions reported on such tax returns, the legal basis for such positions, the risks associated with taking such positions, the possible consequences of reporting such positions, or otherwise bringing such errors and omissions on the tax returns to the attention of the Plaintiffs.

48.     Defendants are liable to Frank Azar and FDA & Assocs. for harm resulting from such breaches of the fiduciary duty imposed by the relationship.

49.     Defendants' breaches of the fiduciary are the proximate cause of damage to Frank Azar.

50.     Plaintiffs have been damaged to the extent of compensatory damages, consequential damages, punitive damages, and attorney fees and costs including pre and post judgment interest in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### Professional Negligence

51.     Plaintiffs reassert and incorporate by reference all above allegations in paragraphs 1 through 50 as if fully set forth herein.

52.     Defendants owed a duty of care to Frank Azar and FDA & Assocs. to perform accounting, financial services, and tax preparation duties competently and consistent with the

standard of care and practice of competent licensed certified public accountant, and tax professionals authorized to practice before the Internal Revenue Service.

53.      Further, Defendants had a duty to not put Plaintiffs at unreasonable risk of harm of financial disadvantage.

54.      Defendants were obligated to a duty of care when they commenced work for Frank Azar and FDA & Assocs. in matters concerning the compiling of financial records, preparation and filing of Plaintiffs' personal and business tax returns and providing accounting services—including preparing all of the books and records used in preparing the business and personal tax returns.

55.      Defendants had a duty of care that included good faith and fair dealing in carrying out the work performed for Plaintiffs. Such breaches include but are not limited to:

     a.  Failing to accurately prepare Frank Azar's IRS Form 1040, *U.S. Individual Income Tax Return*, for taxable year 2017;

     b.  Failing to accurately prepare FDA & Assocs.' IRS Form 1120S, *U.S. Tax Return for an S Corporation*, for taxable year 2017;

     c.  Failing to accurately prepare the IRS Form 1065, *U.S. Return of Partnership Income*, of FDJR Ventures, LP for taxable year 2017;

     d.  Taking erroneous and unrealistic positions on the above-mentioned tax returns; and by

     e.  Failing to properly advise Plaintiffs as to the positions reported on such tax returns, the legal basis for such positions, the risks associated with taking such positions, the possible consequences of reporting such positions, or otherwise bringing such errors and omissions on the tax returns to the attention of the Plaintiffs.

56.      Defendants had a duty to act consistent with the standard of care and practice of competent licensed certified public accountants and tax professionals authorized to practice before the Internal Revenue Service.

57.      Defendants are liable to Frank Azar and FDA & Assocs. for the harm resulting from their breaches of the duty of care.

58.      Such breaches of the standard of care are the proximate cause of damage to Plaintiffs.

59.      Frank Azar and FDA & Assocs. have been damaged to the extent of compensatory damages, consequential damages, and any other damages, and attorney fees and costs including pre and post judgment interest in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### Negligent Misrepresentation

60.     Plaintiffs reassert and incorporate by reference all above allegations in paragraphs 1 through 59 as if fully set forth herein.

61.     In the course of carrying out his consulting, accounting and tax businesses, Timothy McKey, individually and as an agent/officer of Vista Consulting and the McKey business Group, made representations of material fact concerning: (1) Defendants' ability to maximize and optimize Plaintiffs operations, and (2) Defendants' ability to provide high-level accounting, tax and consulting services to Plaintiffs for proper operation and management of their businesses.

62.     Defendants made such representations without reasonable care, knowing that such representations would be relied upon by Plaintiffs as guidance in their business transactions.

63.     Plaintiffs justifiably relied on Defendants' material representations to their detriment and injury.

64.     Accordingly, Plaintiffs have been damaged to the extent of compensatory damages, consequential damages, or any other damages, and attorney fees and costs including pre and post judgment interest in an amount to be proven at trial

## FIFTH CLAIM FOR RELIEF
### Promissory Estoppel/Detrimental Reliance

65.     Plaintiffs reassert and incorporate by reference all above allegations in paragraphs 1 through 64 as if fully set forth herein.

66.     Defendants should have reasonably expected Plaintiffs to rely upon them to:

a.  Accurately and timely prepare Frank Azar's IRS Form 1040, *U.S. Individual Income Tax Return*, for taxable year 2017;

b.  Accurately and timely prepare FDA & Assocs.' IRS Form 1120S, *U.S. Tax Return for an S Corporation*, for taxable year 2017;

c.  Accurately and timely prepare the IRS Form 1065, *U.S. Return of Partnership Income*, of FDJR Ventures, LP for taxable year 2017;

d.  Not take erroneous and unrealistic positions on the above-mentioned tax returns; and

e.  Properly advise Plaintiffs as to the positions reported on such tax returns, the legal basis for such positions, the risks associated with taking such positions, the possible consequences of reporting such positions, or otherwise bringing such

errors and omissions on the tax returns to the attention of the Plaintiffs.

67.     Defendants undertook to perform for Frank Azar and FDA & Assocs. accounting services, including preparing all of the books and records used in preparing Plaintiffs' business and personal tax returns, and accurately preparing such returns.

68.     Plaintiffs detrimentally relied upon Defendants to accurately and timely prepare Plaintiffs' personal and business tax returns for taxable year 2017.

69.     Plaintiffs have been damaged to the extent of compensatory damages, consequential damages, or any other damages, and attorney fees and costs including pre and post judgment interest in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
**Breach of Guarantee**

70.     Plaintiffs reassert and incorporate by reference all above allegations in paragraphs 1 through 69 as if fully set forth herein.

71.     The Fixed Price Agreement and Confidentiality, Non-Disclosure and Non-Use Agreement executed by the parties contains "THE VISTA GUARANTEE" explicitly stating that "Our work is guaranteed to the complete satisfaction of the customer! If you are not delighted with the services performed by The Vista Consulting Team, we will, either refund the price, or propose a price reduction that reflects your level of satisfaction." (Exhibit A, pg. 3).

72.     Similarly, the McKey Business Group provides a similar guarantee, asserting that "Our work is guaranteed to the complete delight of the client! If you are not delighted with the services performed by McKey Business Group, we will, at your option, either refund the price, or accept a portion of said price that reflects your level of satisfaction." Available at *https://mckeybusinessgroup.com/about/.*

73.     Throughout this process, Plaintiffs have expressed their dissatisfaction with Defendants' work, including but not limited to seeking recover of all amounts Plaintiffs have paid to Defendants for tax, accounting and consulting services, in their complaint filed on December 9, 2021.

74.     To date, Defendants have not honored their guarantee or refunded any amounts paid by Plaintiffs, nor have Defendants proposed a price reduction or the refund of a portion of the amounts paid by Plaintiffs.

75.     Accordingly. Defendants have breached their guarantees to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Franklin D. Azar and Franklin D. Azar & Associates, P.C., request that this Court find McKey Business Group, APC an alter ego of the related corporation, Vista Consulting, Inc., and for entry of judgment against all Defendants jointly and severally as follows:

1. Judgment for recovery of all amounts Plaintiffs have paid to Defendants for tax, accounting, and consulting services;

2. Judgment for compensatory and consequential damages;

3. Pre- and post-judgment interest;

4. Costs and attorney's fees; and

5. For such further and other relief as the Court may deem necessary and proper.

Respectfully submitted this 9th day of June, 2023.

LAW OFFICE OF CHARLES P. KERSCH, LLC

By: _____

Charles P. Kersch, Jr., Reg. No. 38027
225 Union Blvd., Suite 150
Lakewood, Colorado 80228
(303) 974-6982
*Attorney for Plaintiffs*

Address of Plaintiffs:

Franklin D. Azar
14426 E Evans Ave.
Aurora, CO 80014

Franklin D. Azar & Associated, P.C.
14426 E Evans Ave.
Aurora, CO 80014

District Court, Arapahoe County, Colorado
7325 S. Potomac Street, #100
Centennial, Colorado  80112

**Plaintiffs:**

FRANKLIN D. AZAR, and

FRANKLIN D. AZAR & ASSOCIATES, P.C.,
a Colorado professional services corporation.

**v.**

**Defendants:**

TIMOTHY P. MCKEY, C.P.A,

MCKEY BUSINESS GROUP, APC, and

VISTA CONSULTING, INC.

Attorney for Plaintiffs:

    Charles P. Kersch, Jr.
    Law Office of Charles P. Kersch, LLC
    225 Union Blvd., Suite 150
    Lakewood, Colorado  80228

Phone: 303-974-6982    E-mail: cpklaw@msn.com
Fax:    303-697-5620    Reg. No. 38027

DATE FILED: June 9, 2023 12:08 PM
FILING ID: 88FBFF4EA04F7
CASE NUMBER: 2023CV31101

▲ **COURT USE ONLY** ▲

Case Number:

Division:    Courtroom:

## DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** _____

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: <u>6/9/2023</u>

Charles P. Kersch, Jr., Reg. No. 38027

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:**  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

☐ **FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

DATE FILED: June 9, 2023 12:08 PM
FILING ID: 88FBFF4EA04F7
CASE NUMBER: 2023CV31101

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>7325 S. Potomac Street, #100<br>Centennial, Colorado 80112 | |
| **Plaintiffs:**<br>FRANKLIN D. AZAR, and<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.,<br>a Colorado professional services corporation.<br><br>**v.**<br><br>**Defendants:**<br>TIMOTHY P. MCKEY, C.P.A,<br>MCKEY BUSINESS GROUP, APC, and<br>VISTA CONSULTING, INC. | ▲ **COURT USE ONLY** ▲ |
| **Attorney for Plaintiffs:**<br>    Charles P. Kersch, Jr.<br>    Law Office of Charles P. Kersch, LLC<br>    225 Union Blvd., Suite 150<br>    Lakewood, Colorado 80228<br>Phone: 303-974-6982    E-mail: cpklaw@msn.com<br>Fax:    303-697-5620    Reg. No. 38027 | Case Number:<br><br>Division:        Courtroom: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

    This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

■ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

**Or**

Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.      This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

**Date:** _____

_____
**Signature of Party**

**Date:**   __6/9/2023____

_____
**Signature of Attorney for Plaintiffs**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.



**CONSULTING TEAM**

DATE FILED: June 9, 2023 12:08 PM
FILING ID: 88FBFF4EA04F7
CASE NUMBER: 2023CV31101

9614 Brookline Avenue, Baton Rouge, Louisiana 70809
(225) 383-2974

December 26, 2017

Mr. Frank Azar
Franklin D. Azar & Associates, PC
14426 East Evans Avenue
Aurora, Colorado 80014

Re: Firm Assessment-- Fixed Price Agreement Proposal

Hi Frank,

As we discussed last week, enclosed is our fixed price agreement proposal for the Firm assessment engagement with **Franklin D. Azar & Associates, PC.** As with any agreement of this type, the arrangements are based on the relationship and the value of the services to be delivered.

The firm assessment services are intended to give you an exhaustive, high-level analysis of your practice by our group of experts.  Our team of up to 3 professionals will spend most of 2 days on-site with you and the support team of the firm. Approximately 1 week prior to our arrival we would like to receive certain information from you in order to make our visit as effective as possible. That information request will be communicated to you immediately upon your execution of the attached agreement and receipt of the deposit. In the pages to follow we will document the comprehensive scope of our Firm Assessment work with you.

If you agree with the proposal as written, we ask that you <u>sign, date, and mail (email) a copy back to us.</u>

Yours truly,

Tim McKey, CPA
Vista Consulting Team
 enclosures

Vista Consulting Team
Firm Assessment Proposal
1



**EXHIBIT**

**A**

# FIXED PRICE AGREEMENT

In order to document the understanding between us as to the scope of the work that the Vista Consulting Team will perform, we are entering into this Fixed Price Agreement with **Franklin D. Azar & Associates, PC**. To avoid any misunderstandings, this Agreement defines the services we will perform for you as well as your responsibilities under this Agreement.

## SCOPE OF SERVICES

The Vista Consulting Team will perform the following services for you and your business:

1) **Pre-on-site information review**
   a) Owner questionnaire
   b) Team member questionnaires
   c) Key performance indicators and financial/tax data review
   d) Intake data reports review (if available)
2) **On-site Assessments**
   a) Owner /Manager(s) interview
   b) Key personnel interviews
   c) Operational infrastructure analysis
   d) Client experience cycle analysis
   e) Accounting system analysis
   f) Facilities tour
3) **Post on-site Reporting/ Communication**
   a) Assessment Report-approximately 1-2 weeks after our on-site visit our team will deliver to you a comprehensive report covering the key areas of your firm, our assessment of their current functioning, and suggestions for improvement.
   b) Report Analysis-after report delivery, we will review the report with you in detail via telephone or video conference. During this analysis time we will attempt to identify with you specific improvement action items and "early yardage" opportunities. It is at this time that we will discuss your needs/wants regarding the potential of our involvement in a future implementation engagement.

## TIMELINE & DELIVERY

We anticipate that our work together, as outlined in this proposal, will begin at the earliest convenience of each of our schedules.

## FINANCIAL INVESTMENT & PAYMENT TERMS

The price for the service will be **$25,000** plus expenses (which will be presented to you in detail as soon as possible upon completion of our on-site visit). Currently these expense categories are expected to be air fare, hotel (Hampton Inn or equivalent), meals, rental vehicle, and fuel. Payment terms are as follows: **$12,500** upon signing of this agreement and **$12,500** upon delivery of the Assessment Report. Payment of expenses will be expected within **10 days** of presentation of the detail expense report, which will be compiled immediately upon completion of the Firm Assessment visit.

For your convenience we accept checks and credit cards. If you choose the credit card method, please complete the attached credit card authorization sheet and return it with the signed agreement.

## SCOPE CHANGES

Because our Fixed Price Agreement **provides ongoing access** to our team regarding the stated projects on a fixed-price basis, you are not inhibited from seeking timely advice by the fear of a clock running endlessly.  Our services are designed around fixed prices, as opposed to hourly rates, and offer you access to the accumulated wisdom of our experienced team whose sole purpose is to assist you with enhancing your organization's future and achieving your business goals.

While the fixed price entitles you and your team to unlimited consultation with us related to the stated project(s) and within our Firm Assessment time frame, if your question or issue requires additional research and analysis beyond that, that work will be subject to an additional price negotiation *before* the service is to be performed, and a Change Order will be issued *before* delivery of the additional service and will include payment terms agreed to **in advance**.

Furthermore, the parties agree that if an unanticipated need arises, the Vista Consulting Team hereby agrees to perform this additional work at a mutually agreed upon price ***before the service is provided***. This service will be invoiced separately, as part of a Change Order, and will be payable upon terms mutually agreed upon.

## THE VISTA GUARANTEE

*Our work is guaranteed to the complete satisfaction of the customer!  If you are not delighted with the services performed by The Vista Consulting Team, we will, either refund the price,*
*or propose a price reduction that reflects your level of satisfaction.*

Furthermore, it is understood that either party may terminate this Agreement at any time, for any reason, with a simple telephone call to the other party.  Should this unlikely event of termination occur, the parties would agree upon a final payment/refund with payment/refund due within 10 days from the date of termination.

## AGREEMENT & AUTHORIZATION

If you agree that the above adequately sets forth your understanding of our mutual responsibilities, please authorize this Agreement below, and return it to our office along with the deposit.

*The Vista Consulting Team does not provide legal advice or legal opinions. It is also understood that the Vista Consulting Team's advice or work product does not constitute legal advice or the "practice of law".*

Agreed to and authorized:

By: _____     Date: 12-26-17

Frank Azar
*Franklin D. Azar & Associates, PC*

By: _____     Date: 12/26/2017

Tim McKey, CPA
*Vista Consulting Team*

## CONFIDENTIALITY, NON-DISCLOSURE AND NON-USE AGREEMENT

THIS AGREEMENT made this 2 7 th day of December 2017, between Franklin D. Azar & Associates, P.C., with offices located at 14426 East Evans Avenue, Aurora, Colorado 80014, hereinafter termed "Firm" and Vista Consulting of Baton Rouge , L A , ~~Colorado~~ _____, hereinafter termed "Vendor."

### WITNESSETH:

**WHEREAS**, the Firm has retained Vendor to perform various services for the Firm which has and will give Vendor access to confidential and proprietary information regarding the Firm and its clients; and

**WHEREAS**, Vendor understands and has understood from the commencement of its retention that the Firm's business and information relating to the Firm's clients is highly confidential and proprietary; and

**WHEREAS**, Vendor understands that the Firm's business success and Vendor's continued employment are dependent upon maintaining the confidentiality of information relating to the Firm and its clients; the parties hereto agree as follows:

1. PROPRIETARY INFORMATION.

    (a) <u>Definition of Proprietary Information</u>.  For purposes of this Agreement, the term "Proprietary Information" shall mean any materials or information related to the business or activities of the Firm which are not generally known to others engaged in similar businesses or activities (whether or not reduced to writing and whether or not patentable or protectable by copyright) which Vendor receives, receives access to, conceives or develops, in whole or in part, as a direct or indirect result of the performing services for the Firm or through the use of the Firm's facilities or resources.  By way of illustration but not limitation, Proprietary Information includes names and addresses of the Firm's clients, experts, investigators and employees; knowledge of techniques, formulae, data, and litigation strategies; plans for research, development and marketing; litigation and business plans and budgets; unpublished financial statements; license arrangements; prices and costs of supplies and products; and any information concerning clients and suppliers.

    (b) <u>Non-disclosure and Non-use.</u>  At all times during Vendor's employment by the Firm and thereafter, Vendor will hold all Proprietary Information of the Firm in the strictest confidence, not use such Proprietary Information for Vendor's benefit or the benefit of another.  Vendor hereby represents and warrants that prior to date of this Agreement, Vendor has neither disclosed an Proprietary Information, nor used and Proprietary Information for its benefit or the benefit of another.

    (c) <u>Return of Information</u>.  At any time upon request of the Firm, Vendor will return to the Firm all written or descriptive matters which contain any Proprietary Information together with all copies thereof in Vendor's possession, custody or control.

    (d) <u>Ownership of Information</u>.  Vendor hereby assigns to Firm all of Vendor's right, title and interest in any; idea or concept (whether or not patentable or protectable by copyright) conceived or developed in whole or in part or in which Vendor may have aided in its development, while employed by the Firm, including, without limitation, any Proprietary Information. If any such idea or concept is deemed in any way to fall within the definition of "work made for hire", as such term is defined in 17 U.S.C. § 101, such works shall be considered "works made for hire", the copyright of which shall be owned solely, completely and exclusively by Firm.  If any of such concepts or ideas are considered to be works not included in the categories of works covered by the "work made for hire" definition, such work shall be owned, assigned or transferred completely and exclusively to the Firm.  Vendor agrees to execute, acknowledge, seal and deliver any instruments or documents and to do all other things reasonably requested by the Firm (both during and after Vendor's employment with the Firm) in order to completely vest in the Firm all ownership rights in such ideas and concepts hereby transferred by Vendor to the Firm.  Vendor further agrees to disclose immediately to the Firm all Proprietary Information conceived or developed in whole or in part by Vendor during the term of Vendor's employment with the Firm.

-1-

(e) <u>Records.</u>  All notes, files, lists, data, tapes, reference materials, sketches, drawings, memoranda and other documents constituting or in any way relating to the Proprietary Information or to the Firm's business shall belong exclusively to the Firm regardless of the media in which such documents are recorded.  Vendor agrees to deliver to the Firm all copies of such materials in Vendor's possession or under Vendor's control at the request of the Firm or, in the absence of such a request, upon the termination of Vendor's employment under this Agreement.

(f) <u>Communication with Others.</u>  At all times, both during and after Vendor's employment with the Firm, Vendor shall not communicate with any person regarding any matter related to the Firm, its Vendors, agents, principals or clients without the Firm's express prior written consent, except as necessary and required for the performance of Vendor's duties.  Vendor agrees to immediately notify the Firm if at any time Vendor is contacted by any person, or served with any legal process, seeking information regarding the Firm, its Vendors, agents, principals or clients.  Vendor shall fully cooperate with the Firm and its attorneys in responding to any legal process seeking information about the Firm, its Vendors, agents, principals or clients, including preparation for any deposition, hearing or trial.  Vendor hereby represents and warrants that prior to the date of this Agreement Vendor has neither had any communication with another of a type prohibited by this paragraph, nor has been contacted by another or served with legal process of a type described by this paragraph.

2.     REMEDIES FOR BREACH.

(a) <u>Acknowledgment and Reasonableness.</u>  Vendor has carefully read and considered all provisions of this Agreement, and, having done so, agrees that any and all restrictions on Vendor set forth in this Agreement are fair and reasonable and are reasonably required for the protection of the business and the interests of the Firm.

(b) <u>Remedies.</u>  Vendor agrees that damages cannot reasonably compensate the Firm in the event of a violation of the covenants and restrictions in this Agreement and that it would be difficult to ascertain the damages which would be suffered by the Firm.  By reason thereof, injunctive relief is essential for the protection of the Firm.  Vendor hereby agrees and consents that in the event of any such breach or violation, the Firm may obtain such injunctive relief in order to prevent a continued violation of the terms of this Agreement.  Vendor agrees that the Firm may obtain *ex parte*, a temporary restraining order and temporary and permanent injunctions against Vendor without necessity of advance notice to Vendor or the posting of a bond or other security.  Such relieve, if necessary, may be obtained from the District Court for the City and County of Denver, or any other court of competent jurisdiction.  The foregoing shall not limit the Firm in the pursuit of other remedies it may have, e.g., damages.  Vendor does hereby expressly waive all claims for damages by reason of the wrongful issuance of any such temporary restraining order or injuction.

(c) <u>Accounting for Profits.</u>  Vendor covenants and agrees that if Vendor shall violate any of the covenants or restrictions under this Agreement, the Firm shall be entitled to an accounting and repayment of all profits, compensation, commissions, remunerations or benefits which Vendor directly or indirectly has realized or may realize as a result of or in connection with any such violations.  Such remedies shall be in addition to and not in militation of any injunctive relief or other rights or remedies to which the Firm is or may be entitled at law, in equity or under this Agreement.

(d) <u>Indemnification.</u>  Vendor covenants and agrees to indemnify the Firm for all of the Firm's costs, reasonable attorneys' fees and expert witness costs incurred by the Firm in prosecuting any breach of this Agreement, including but not limited to any breach of any representation or warranty made by Vendor herein.

3.     CONSIDERATION.  Vendor understands and agrees that the payments made by the Firm under the contracts for services by the Vendor constitutes good and valuable consideration for Vendor's execution of this Agreement.

4.     AUTHORITY OF VENDOR TO EXECUTE AGREEMENT.  Vendor represents and warrants that execution of this Agreement is not in conflict with and will not violate any obligation or agreement Vendor presently

-2-

has with any other person or entity.

5.    WAIVER OF BREACH. The failure of the Firm to exercise any right or option it is granted herein, or to require the performance by Vendor of any provision of this Agreement, or the waiver by the Firm of any breach of the Agreement, shall not prevent a subsequent exercise or enforcement of such provisions or be deemed a waiver of any subsequent breach of the same or any other provision of this Agreement.

6.    SEVERABILITY. The parties intend that the provisions of this Agreement be enforced to the fullest extent permissible under the laws and the applicable public policies of the State of Colorado. If any particular portion of this Agreement is adjudicated or determined to be invalid or unenforceable, such determination shall only apply to that portion of the Agreement and the remaining covenants and restrictions shall nevertheless be enforceable to the fullest extent permissible under the laws and public policies applying thereto.

7.    BINDING EFFECT. This Agreement shall be binding upon and shall inure to the benefit of the Firm and Vendor and their respective successors, heirs, guardians and personal and legal representatives, but neither this Agreement nor any rights hereunder may be assigned by Vendor without the consent in writing of the Firm.

8.    NOTICES. All notices and communications hereunder shall be in writing and shall be deemed to be given when sent postage prepaid by certified mail, return receipt requested, or by confirmed telecopier message, and addressed to:

Firm:

Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, Colorado 80014

Vendor:



or at such other address to which a party shall be given notice to the other party in the matter provided herein.

9.    AMENDMENTS. No amendments or modifications of the terms and conditions of this Agreement shall be valid unless in writing and signed by all of the parties hereto.

10.    GOVERNING LAW. This Agreement is made under, and shall be interpreted and enforced in accordance with, the laws of the State of Colorado without giving effect to those principles of conflict of laws which might otherwise require the application of the laws of another jurisdiction.

11.    ENTIRE AGREEMENT. This Agreement constitutes the entire understanding between the parties hereto with respect to the subject matter hereof, and supersedes completely all negotiations, discussions and prior agreements, oral or written, between the parties with respect to the subject matter hereof.

12.    COUNTERPARTS. This Agreement may be executed in one or more counterparts of each of which shall be deemed an original for all purposes.

IN WITNESS WHEREOF, this Agreement has been executed by Firm and Vendor the date first above written.

FIRM

By: _____
Franklin D. Azar

VENDOR

By: _____
Vista Consultant, Inc.

S:\WPDATA\FORMS\confidentiality agreement.

-4-

**From:** Olga Malcolm
**Sent:** Monday, March 12, 2018 2:01 PM
**To:** Tim Mckey (tmckey@vistact.com) <tmckey@vistact.com>; Rebekah Summerville (RSummerville@mckeybusinessgroup.com) <RSummerville@mckeybusinessgroup.com>; Heather C. Hughes <HughesH@fdazar.com>
**Subject:** CPA services

DATE FILED: June 9, 2023 12:08 PM
CASE NUMBER: 2023CV31101

Good morning Tim and Rebekah –

We are excited to start utilizing your CPA services. I have just forwarded all the immediately needed information to Tim (forgot to copy Rebekah – my apologies!). Please let me know when you are available this week for a phone call to make sure we are on the same page with upcoming deadlines.

As far as our group communication, if you agree, let's copy everyone on this email on any questions regarding tax returns or daily accounting questions. For planning purposes, I will be out of the office the week of March 19th, so the more we can cover before I leave, the easier it is going to be on Heather while I am out.

Thank you.

Sincerely,



**Olga Malcolm**
Administration and Finance
T: 303.757.3300 | F: 303.757.3206 | malcolmo@fdazar.com
14426 East Evans Avenue | Aurora, CO 80014 | https://fdazar.com

**From:** Olga Malcolm
**Sent:** Tuesday, March 6, 2018 2:54 PM
**To:** Tim Mckey <tmckey@vistact.com>
**Subject:** Re: Your CPA services

Not on a scale of financial audit, but rather review of Trust for compliance and QBooks for necessary corrections, if needed.

Sincerely,

Olga Malcolm
Office Administrator
Franklin D. Azar & Associates, P.C.
Tel. 303-757-3300
Fax 303-639-8447

On Mar 6, 2018, at 1:13 PM, Tim Mckey <tmckey@vistact.com> wrote:

Olga, is the "review" that you refer to a financial statement review Report issued by the CPAs? "Review"is a formal level of service by CPAs similar to a financial audit.



**Tim McKey**
CPA

 

**Vista Consulting Team**
9614 Brookline Ave.
Baton Rouge, LA 70809

Mobile Phone: 225.931.7045
Office Phone: 225.383.2974

  

This email may contain confidential and/or private information. If you received this email in error please delete and notify sender.

IRS CIRCULAR 230 DISCLOSURE: Pursuant to requirements imposed by the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of avoiding penalties imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another person any tax-related matter. Please contact us if you wish to have formal written advice on this matter.

On Mar 6, 2018, at 1:51 PM, Olga Malcolm <malcolmo@fdazar.com> wrote:

Tim –

Below is a quick list of services as I recall them:
- Entities:
  - Franklin D. Azar & Associates, P.C. – S Corp
  - FLPs:
    - FDJR Ventures, LP
    - FDJR Management, Inc
    - LLCs:
      - FDJR Automobiles, LLC (Texas)
      - FDJR Greenwood, LLC (Texas)
      - FDJR Holdings, LLC (Texas)
      - P&B Development, LLC (single member LLC organized in CO – no separate filings for this entity as the activity will be included with FDJR Ventures, LP for Federal and Colorado)
      -
  - Margeaux Azar

- Consulting and various services:
  - Tax advice on various matters including, but not limited to, various income, gift and estate tax and estate planning matters
  - Update regarding new laws and regulations
  - Quarterly, review Trust account for compliance
  - Quarterly, review QBooks
  - Visit FDA offices at least twice a year
  - Review and provide feedback regarding brokerage accounts and activity

- o Property valuation reports (due April 15th)
- o Aurora sales tax (due every January 20th)
- o Foreign Corporation registration
- o Statements to the bank
- o Various consulting services as relates to attorney compensation, etc.
- o
- Tax Returns preparation:
  - o Prepare and file extensions (due March 15th)
  - o Prepare and file Returns:
    - ▪ Federal and Colorado for FDA & Assoc. (and other states if necessary due to Class Action income)
    - ▪ FDJR Management, Inc. – Federal and Franchise Tax Report (Texas)
    - ▪ FDJR Ventures, LP – Federal and Franchise Tax Report (Texas)
    - ▪ FDJR Holdings, LLC – Texas Franchise Tax Report
    - ▪ FDJR Greenwood, LLC – Texas Franchise Tax Report
    - ▪ FDJR Automobiles, LLC – Texas Franchise Tax Report
    - ▪
  - o Estimated taxes
  - o Review year-end financials and QBooks, record YE adjusting GJEs
  - o

Sincerely,
Olga Malcolm

**From:** Tim Mckey [mailto:tmckey@vistact.com]
**Sent:** Tuesday, March 06, 2018 8:41 AM
**To:** Olga Malcolm
**Cc:** Rebekah Summerville
**Subject:** RE: Your CPA services

Olga, We are reviewing the documents originally sent prior to our visit. Could you give me a list of services that your outside CPA historically has performed for the firm and Frank?

**Tim McKey**
CPA

 

**Vista Consulting Team**
9614 Brookline Ave.
Baton Rouge, LA 70809

Mobile Phone: 225.931.7045
Office Phone: 225.383.2974

  

This email may contain confidential and/or private information. If you received this email in error please delete and notify sender.

IRS CIRCULAR 230 DISCLOSURE: Pursuant to requirements imposed by the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of avoiding penalties imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another person any tax-related matter. Please contact us if you wish to have formal written advice on this matter.

**From:** Olga Malcolm [mailto:malcolmo@fdazar.com]
**Sent:** Monday, March 05, 2018 8:01 PM
**To:** Tim Mckey <tmckey@vistact.com>
**Subject:** Your CPA services

Tim –

Frank has authorized hiring your firm to perform CPA services.  Please let me know the next steps.

Sincerely,



**Olga Malcolm**
Administration and Finance
T: 303.757.3300 | F: 303.757.3206 | malcolmo@fdazar.com
14426 East Evans Avenue | Aurora, CO 80014 | https://fdazar.com

# AFFIDAVIT OF

# MICHAEL W. SIDON

| | | |
|---|---|---|
| **CITY AND COUNTY OF DENVER** | ) | |
| | ) **ss.** | |
| **STATE OF COLORADO** | ) | |

DATE FILED: June 9, 2023 12:08 PM
FILING ID: 88FBFF4EA04F7
CASE NUMBER: 2023CV31101

I, MICHAEL W. SIDON, being over the age of eighteen, do hereby state and declare under oath that the following is true and accurate to the best of my knowledge and belief:

1.     Since 1993, I have been a Certified Public Accountant, licensed to practice in the state of Colorado.  I am currently the lead managing director of Colorado's tax practice office of CBIZ MHM Colorado.

2.     Over the years I have provided services to clients in the areas of tax consulting, tax return preparation, compilations, reviews and audits.

3.     In early 2019, I was approached by the Chief Financial Officer of Franklin D. Azar & Associates, P.C., Michael Poole, who explained that Frank Azar was dissatisfied with his current CPA and tax return preparer, Timothy McKey and inquired whether I and CBIZ would take over the tax planning and tax return preparation needs of Mr. Azar and his related entities.

4.     I agreed and prepared, or had prepared under my direction and control, the S corporation return (IRS Form 1120S) of Franklin D. Azar & Associates, P.C., the partnership return of FDJR Ventures, LP (IRS Form 1065) and Frank Azar's personal federal and state income tax returns for the years 2018 through 2020. Additionally, I have regularly advised Mr. Azar and his bookkeeping department concerning general tax and accounting matters.

4.     Throughout my professional relationship with Mr. Azar, I have always known him to be a diligent, competent, and bright businessman and client.  In addition to managing a successful law firm, Mr. Azar has a diversified investment portfolio, including investments in real estate, financial markets as well as private equity companies.  Most of Mr. Azar's investment activities, including his law firm, are conducted through pass-through entities; hence, most of his income is reported on schedule K-1's.

5.     Because Mr. Azar's businesses activities are elaborate and complex, the preparation of his individual tax returns requires extensive data gathering, and extensive knowledge and skills required to handle tax issues unique to law firms, financial markets and rental activities.

6.     For the tax years that I have been involved, Mr. Azar and his bookkeeping department has timely provided 1099's, K-1's, and other financial information he had received for the preceding taxable year.  Additionally, for these taxable years, Mr. Azar and his bookkeeping staff provided complete access to his QuickBooks program, categorizing his business and investment transactions.

**EXHIBIT**

**C**

Quickbooks contained all of the information necessary to prepare each of the businesses tax returns.

7. When I was first retained in 2019, I reviewed the prior year 2017 tax returns prepared by Timothy McKey for Mr. Azar and his related entities, and immediately noticed a number of errors and inconsistencies.

8. Upon bringing this to Mr. Azar's attention, as well as his bookkeeping staff, he made it a priority for me to determine his correct tax liability for 2017 and take the necessary steps needed to fix the errors and inconsistencies created by returns prepared and filed by Timothy McKey, CPA. Therefore, after becoming familiar with Mr. Azar and his business activities, I began preparing both his business and personal returns for 2018 and amended returns for 2017.

9. Prior to my fully completing the amended 2017 tax returns for Franklin D. Azar & Associates, PC, FDJR Ventures, LP and Frank Azar's individual income tax returns, the IRS under reported unit issued a notice of "proposed adjustments" (CP2000) to Mr. Azar's relative to the 2017 Form 1040 prepared by Tim McKey.

10. After reviewing the IRS notice, I immediately finalized the 2017 amended returns and advised Mr. Azar to submit his *Amended 2017 U.S. Individual Income Tax Return*, and check for the balance due as shown on the amended return, to the address shown on the IRS Notice CP2000.

11. Given the complexity of Mr. Azar's business and investment activities, I do not believe that Mr. Azar has a requisite understanding of the tax principles needed to accurately prepare his annual returns, and I believe he reasonably relied on advice of his prior CPA—albeit erroneous and incomplete—concerning the returns originally filed for taxable year 2017.

FURTHER AFFIANT SAYETH NAUGHT

_____
MICHAEL W. SIDON

The foregoing Affidavit was Sworn and Subscribed before me by MICHAEL W. SIDON this 27 day of December 2021.

Witness my hand and official seal.

AMANDA BUONOCORE
Notary Public
State of Colorado
Notary ID # 20194006850
My Commission Expires 02-21-2023

_____
Notary Public
My Commission Expires: 2·21·2023

**From:** Olga Malcolm
**Sent:** Wednesday, April 4, 2018 1:20 PM
**To:** Tim Mckey (tmckey@vistact.com) <tmckey@vistact.com>; Rebekah Summerville (RSummerville@mckeybusinessgroup.com) <RSummerville@mckeybusinessgroup.com>
**Cc:** Heather C. Hughes <HughesH@fdazar.com>
**Subject:** Taxes
**Importance:** High

Good afternoon Tim and Rebekah –

With April 15th fast approaching, I wanted to follow up to see when we should set a meeting and financial review to finalize estimated payment for 2017.  Please let me know at your earliest convenience.

Thank you.

Sincerely,



**Olga Malcolm**
Administration and Finance
T: 303.757.3300 | F: 303.757.3206 | malcolmo@fdazar.com
14426 East Evans Avenue | Aurora, CO 80014 | https://fdazar.com

DATE FILED: June 9, 2023 12:08 PM
FILING ID: 34CDFB52BA04F7
CASE NUMBER: 2023CV31101



EXHIBIT
**D**

**From:** Tim Mckey <tmckey@vistact.com>
**Sent:** Monday, April 9, 2018 11:46 AM
**To:** Olga Malcolm <malcolmo@fdazar.com>; Franklin D. Azar <azarf@fdazar.com>
**Subject:** Business Bad Debt

The below is from IRS Publication 535 (Business Expenses)

### *When a Debt Becomes Worthless*

*A debt becomes worthless when there is no longer any chance the amount owed will be paid. This may occur on the date the debt is due or prior to that date.*

*To demonstrate worthlessness, you must only show that you have taken reasonable steps to collect the debt but were unable to do so. It isn't necessary to go to court if you can show that a judgment from the court would be uncollectible. Bankruptcy of your debtor is generally good evidence of the worthlessness of at least a part of an unsecured and unpreferred debt.*

**Tim McKey**
CPA



**Vista Consulting Team**
9614 Brookline Ave.
Baton Rouge, LA 70809

Mobile Phone: 225.931.7045
Office Phone: 225.383.2974



This email may contain confidential and/or private information. If you received this email in error please delete and notify sender.

IRS CIRCULAR 230 DISCLOSURE: Pursuant to requirements imposed by the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of avoiding penalties imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another person any tax-related matter. Please contact us if you wish to have formal written advice on this matter.

**From:** Tim Mckey [mailto:tmckey@vistact.com]
**Sent:** Tuesday, April 10, 2018 8:25 AM
**To:** Olga Malcolm; Franklin D. Azar
**Cc:** Rebekah Summerville
**Subject:** Denver trip

Flights booked. Will be in your office on April 23 and 24 all day. I will send objectives of trip early next week. They will include both accounting/tax and management advisory.

Thanks!

**Tim McKey**
CPA



**Vista Consulting Team**
9614 Brookline Ave.
Baton Rouge, LA 70809

Mobile Phone: 225.931.7045
Office Phone: 225.383.2974



This email may contain confidential and/or private information. If you received this email in error please delete and notify sender.

IRS CIRCULAR 230 DISCLOSURE: Pursuant to requirements imposed by the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of avoiding penalties imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another person any tax-related matter. Please contact us if you wish to have formal written advice on this matter.

**From:** Tim Mckey <tmckey@vistact.com>
**Sent:** Thursday, April 12, 2018 3:05 PM
**To:** Olga Malcolm <malcolmo@fdazar.com>
**Subject:** Revised extension forms

Olga, these are the amounts if we only take half of the Bad Debt deduction that we have been discussing. There is a total $495,000 swing!

Frank asked me to call his atty. I have spoken with them and we have a plan. I will call you in a few min.

**Tim McKey**
CPA



**Vista Consulting Team**
9614 Brookline Ave.
Baton Rouge, LA 70809

Mobile Phone: 225.931.7045
Office Phone: 225.383.2974



This email may contain confidential and/or private information. If you received this email in error please delete and notify sender.

IRS CIRCULAR 230 DISCLOSURE: Pursuant to requirements imposed by the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of avoiding penalties imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another person any tax-related matter. Please contact us if you wish to have formal written advice on this matter.

**From:** Tim Mckey <tmckey@vistact.com>
**Sent:** Saturday, April 21, 2018 12:59 PM
**To:** Olga Malcolm <malcolmo@fdazar.com>
**Cc:** Rebekah Summerville <RSummerville@mckeybusinessgroup.com>
**Subject:** Loose agenda for visit--April 23/24

Olga,

Attached is our loose agenda for next week. Frank and I will be out of the office Monday afternoon. We will see you approx. 8:45 on Monday AM.

Thanks and looking forward to digging in deeper!

**Tim McKey**
CPA



**Vista Consulting Team**
9614 Brookline Ave.
Baton Rouge, LA 70809

Mobile Phone: 225.931.7045
Office Phone: 225.383.2974



This email may contain confidential and/or private information. If you received this email in error please delete and notify sender.

IRS CIRCULAR 230 DISCLOSURE: Pursuant to requirements imposed by the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of avoiding penalties imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another person any tax-related matter. Please contact us if you wish to have formal written advice on this matter.

| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | **Filed**<br>DATE FILED: June 9, 2023 12:27 PM<br>CASE NUMBER: 2023CV31101<br><br>CLERK OF THE COMBINED COURT<br>ARAPAHOE COUNTY, COLORADO |
|---|---|
| Plaintiff(s): FRANKLIN D. AZAR, and FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado professional services corporation.<br><br>v.<br><br>Defendant(s): TIMOTHY P. MCKEY, C.P.A, MCKEY BUSINESS GROUP, APC, and VISTA CONSULTING, INC. | ▲ **COURT USE ONLY** ▲<br><br>Case Number: 2023CV31101<br>Div. 202 |
| **DELAY REDUCTION ORDER**<br>(FOR CASES FILED ON OR AFTER JULY 1, 2015) | |

This Court is on a delay reduction docket.

A.  For all civil actions, the following deadlines must be met:

    1.  <u>Service of Process</u>:  Returns of service on all defendants shall be filed within **63 days** after the date of the filing of the complaint.

    2.  <u>Default Judgment</u>:  Application for default judgment shall be filed within **35 days** after default has occurred.

    3.  <u>Case Management</u>:  Whether a Case Management Conference is required is determined by each Division.

    4.  <u>Trial Setting</u>: Parties shall comply with the procedure for setting trial as determined by the Judge presiding over the Division to which the case has been assigned.

        a.  Actions governed by C.R.C.P. 16 shall be set for trial within **49 days** of the "at issue" date and generally trial will be set within **1 year** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

        b.  Actions governed by C.R.C.P. 16.1 shall be set for trial within **42 days** of the "at issue" date and generally trial will be set within **6 months** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

B.    A District Court Civil Cover Sheet (JDF 601) shall be filed with all civil complaints.

C.    Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

D.    Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled "Information Regarding Case(s)" informing the Court of the related case(s) and stating whether consolidation is appropriate.

E.    If an attorney or self-represented party failed to comply with the Order, the Court may dismiss the case without prejudice.

Date:  June 9, 2023

BY THE COURT:
ASSIGNED JUDGE

| | |
|---|---|
| District Court, Arapahoe County, State of Colorado<br>7325 South Potomac Street, #100<br>Centennial, Colorado 80112<br>(303) 645-6600 | DATE FILED: July 10, 2023 10:49 AM<br>FILING ID: DF4077E0C9B05<br>CASE NUMBER: 2023CV31101 |
| **Plaintiffs:** FRANKLIN D. AZAR, and<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.,<br>a Colorado professional services corporation.<br><br>**v.**<br><br>**Defendants:** TIMOTHY P. MCKEY, C.P.A,<br>MCKEY BUSINESS GROUP, APC, and<br>VISTA CONSULTING, INC. | **▲ COURT USE ONLY ▲** |
| Attorney for Plaintiffs:<br><br>    Charles P. Kersch, Jr.<br>    Law Office of Charles P. Kersch, LLC<br>    225 Union Blvd., Suite 150<br>    Lakewood, Colorado 80228<br>Phone: 303-974-6982    E-mail: cpklaw@msn.com<br>Fax:    303-697-5620    Reg. No. 38027 | Case Number: 2023CV31101<br><br>Division: 202    Courtroom: |

# CERTIFICATE OF REVIEW

Plaintiffs, Franklin D. Azar and Franklin D. Azar & Associates, P.C., by and through undersigned counsel, hereby submit this Certificate of Review regarding the claims of professional negligence contained in the complaint, and in support states:

1.    In an action for damages or indemnity based upon the professional negligence of a licensed professional, Plaintiffs' attorney must file a certificate of review. C.R.S. § 13-20-602(1)(a) and (b); *see also Hamilton v. Thompson*, 23 P.3d 114 (Colo. 2001) (stating that the purpose of the certificate of review is to demonstrate that the person bringing the claim has consulted a person who has expertise in the area of the alleged negligent conduct, and the expert has concluded that the claim is meritorious).

2.    The certificate of review contains three elements. In the certificate, Plaintiffs' attorney must declare that: (1) the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; (2) the expert has reviewed the known facts, including such records, documents, and other materials that the expert has found to be relevant to the allegations of negligent conduct, and based on the review of the facts, has concluded that the filing of the claim is not substantially frivolous, substantially groundless, or substantially vexatious; and (3) the expert consulted is competent and qualified to express an expert opinion on as to the negligent conduct alleged. C.R.S. §§ 13-20-602(3)(a) and (c); *see also Redden v. SCI Funeral Servs.*, Inc., 38 P.3d 75 (Colo. 2001) (explaining certificate of review requirements).

3.      All three requirements have been met with respect to Plaintiffs' claims of Breach of Express, Implied or Quasi Contract, Breach of Fiduciary Duty, Professional Negligence, Negligent Misrepresentation, Breach of Guarantee and Promissory Estoppel/Detrimental Reliance.

4.      Undersigned counsel certifies that he has consulted with experts in the area of the negligent conduct alleged in the Complaint, who have knowledge and expertise in the area of the alleged negligent conduct, and who are competent and qualified to opine as to the negligent conduct alleged in the Complaint.

5.      The experts have reviewed the known facts, including such records, documents, and other materials that the experts have found to be relevant to the allegations of negligent conduct, and based on the review of the facts, the experts have concluded that the filing of the claims against the Defendants, set forth in the Complaint, are not substantially frivolous, substantially groundless, or substantially vexatious and do not lack substantial justification within the meaning of C.R.S. §13-17-102(d).

6.      The experts can demonstrate by competent evidence that, as a result of their training, education, knowledge, and experience, they are competent to express an opinion as to the negligent conduct alleged.

Respectfully submitted this 10th day of July, 2023.

LAW OFFICE OF CHARLES P. KERSCH, LLC

By: _____
Charles P. Kersch, Jr., Reg. No. 38027
225 Union Blvd., Suite 150
Lakewood, Colorado  80228
(303) 974-6982
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023 a true and accurate copy of Plaintiffs' CERTIFICATE OF REVIEW was electronically filed *via* ICCES E-Filing system, and served by U.S.P.S. regular mail and email to the following parties:

Timothy P. McKey, C.P.A.                           tmckey@vistact.com
64 Longwood Dr.
Baton Rouge, LA 70806

Vista Consulting, Inc.
Timothy P. McKey, Registered Agent        tmckey@vistact.com
9522 Brookline Ave., Suite 213
Baton Rouge, LA  70809

McKey Business Group, APC
Timothy P. McKey, Registered Agent        tmckey@vistact.com
9522 Brookline Ave., Suite 213
Baton Rouge, LA  70809

_____
Charles P. Kersch, Jr.

☐County Court ☒District Court
Arapahoe County, Colorado
Court Address: 7325 S. Potomac St., Suite 100, Centennial, CO 80112

| | |
|---|---|
| Plaintiff/Petitioner(s): Franklin D. Azar and Franklin D. Azar & Associates, P.C., a Colorado professional services corporation.<br><br>v.<br><br>Defendant/Respondent(s): Timothy P. McKey, McKey Business Group, APC and Vista Consulting, Inc. | ▲   COURT USE ONLY   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Charles P. Kersch, Jr.<br>Law Office of Charles P. Kersch, LLC<br>225 Union Blvd, Ste. 150, Lakewood, CO 80228<br><br>Phone Number: 303-974-6982   E-mail: cpklaw@msn.com<br>FAX Number: 303-835-0908   Atty. Reg. #: 38027 | Case Number: 23CV31101<br><br>Division: 202   Courtroom: |

**DATE FILED: June 19, 2023 3:37 PM**
**FILING ID: FAE046C4F90DA**
**CASE NUMBER: 2023CV31101**

## AFFIDAVIT OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action and that I served THE FOLLOWING DOCUMENTS Civil Case Cover Sheet, Summons, Complaint, Exhibits A - D, and Delay Reduction Order on the Defendant/Respondent in Baton Rouge, Louisiana (name of County/State) on Tuesday, June 13, 2023 (date) at 4:00 PM (time) at the following location: 9522 Brookline Ave., Baton Rouge, LA 70809.

☒By handing the documents to a person identified to me as the Defendant/Respondent: Timothy P. McKey, Registered Agent of McKey Business Group, APC (print name of person served).

☐By identifying the documents, offering to deliver them to a person identified to me as the Defendant/Respondent who refused service, and then leaving the documents in a conspicuous place.

☐By leaving the documents at the Defendant/Respondent's usual place of abode with _____ (Name of Person) who is a member of the Defendant/Respondent's family and whose age is 18 years or older. (Identify family relationship)_____.

☐By leaving the documents at the Defendant/Respondent's usual workplace with _____ (Name of Person) who is the Defendant/Respondent's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☐By leaving the documents with _____ (Name of Person), who as _____ (title) is authorized by appointment or by law to receive service of process for the Defendant/Respondent.

☐By serving the documents as follows (other service permitted by C.R.C.P 4(g) or C.R.C.P. 304(c)(d) and (e): _____

☐**For Eviction Cases Only.**
I have made diligent efforts such as _____ (list personal service attempts) but have been unable to make personal service on the Defendant/Respondent(s) and I have made service of the within summons and complaint by posting a copy of them in a conspicuous place upon the premises described therein.

**I have charged the following fees for my services in this matter:**

☒Private process server

☐Sheriff, _____County
Fee $ _____   Mileage $ _____

Herb Battistella, Process Server
Capital Process Service, LLC
5916 S. Shore, Dr., Baton Rouge, LA 70817
225-756-2537

JDF 98   R4/20   AFFIDAVIT OF SERVICE

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on the <u>14th</u> day of <u>June</u>, <u>2023</u>
             (date)        (month)  (year)

<u>Baton Rouge, LA  70817</u>
(city or other location, and state OR country)

<u>Herb Battistella, Process Server</u>
(Printed Signature)

Signature

Date

6/14/2023

JDF 98    R4/20    AFFIDAVIT OF SERVICE

| | |
|---|---|
| ☐County Court ☒District Court<br>Arapahoe County, Colorado<br>Court Address: 7325 S. Potomac St., Suite 100, Centennial, CO 80112 | DATE FILED: June 19, 2023 3:37 PM<br>FILING ID: FAE046C4F90DA<br>CASE NUMBER: 2023CV31101 |

| | |
|---|---|
| Plaintiff/Petitioner(s): Franklin D. Azar and<br>Franklin D. Azar & Associates, P.C., a Colorado professional services corporation.<br><br>v.<br><br>Defendant/Respondent(s): Timothy P. McKey,<br>McKey Business Group, APC and Vista Consulting, Inc. | ▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Charles P. Kersch, Jr.<br>Law Office of Charles P. Kersch, LLC<br>225 Union Blvd, Ste. 150, Lakewood, CO 80228<br>Phone Number: 303-974-6982   E-mail: cpklaw@msn.com<br>FAX Number: 303-835-0908   Atty. Reg. #: 38027 | Case Number: 23CV31101<br><br>Division: 202   Courtroom: |

## AFFIDAVIT OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action and that I served THE FOLLOWING DOCUMENTS <u>Civil Case Cover Sheet, Summons, Complaint, Exhibits A - D, and Delay Reduction Order</u> on the Defendant/Respondent in <u>Baton Rouge, Louisiana</u> (name of County/State) on <u>Tuesday, June 13, 2023</u> (date) at <u>4:00 PM</u> (time) at the following location: <u>9522 Brookline Ave., Baton Rouge, LA 70809</u>.

☒By handing the documents to a person identified to me as the Defendant/Respondent: <u>Timothy P. McKey</u> (print name of person served).

☐By identifying the documents, offering to deliver them to a person identified to me as the Defendant/Respondent who refused service, and then leaving the documents in a conspicuous place.

☐By leaving the documents at the Defendant/Respondent's usual place of abode with _____ (Name of Person) who is a member of the Defendant/Respondent's family and whose age is 18 years or older. (Identify family relationship)_____.

☐By leaving the documents at the Defendant/Respondent's usual workplace with _____ (Name of Person) who is the Defendant/Respondent's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☐By leaving the documents with _____ (Name of Person), who as _____ (title) is authorized by appointment or by law to receive service of process for the Defendant/Respondent.

☐By serving the documents as follows (other service permitted by C.R.C.P 4(g) or C.R.C.P. 304(c)(d) and (e):
_____.

☐**For Eviction Cases Only.**
I have made diligent efforts such as _____ (list personal service attempts) but have been unable to make personal service on the Defendant/Respondent(s) and I have made service of the within summons and complaint by posting a copy of them in a conspicuous place upon the premises described therein.

**I have charged the following fees for my services in this matter:**

☒Private process server

☐Sheriff, _____County
Fee $ _____   Mileage $ _____

Herb Battistella, Process Server
Capital Process Service, LLC
5916 S. Shore, Dr., Baton Rouge, LA 70817
225-756-2537

JDF 98   R4/20   AFFIDAVIT OF SERVICE

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on the <u>14th</u> day of <u>June</u>, <u>2023</u>
               (date)       (month)   (year)

<u>Baton Rouge, LA  70817</u>
(city or other location, and state OR country)

<u>Herb Battistella, Process Server</u>
(Printed Signature)

Signature                  Date

6/14/2023

JDF 98   R4/20   AFFIDAVIT OF SERVICE

☐ County Court  ☒ District Court
Arapahoe County, Colorado
Court Address: 7325 S. Potomac St., Suite 100, Centennial, CO 80112

Plaintiff/Petitioner(s): Franklin D. Azar and
Franklin D. Azar & Associates, P.C., a Colorado professional services corporation.

v.

Defendant/Respondent(s): Timothy P. McKey,
McKey Business Group, APC and Vista Consulting, Inc.

Attorney or Party Without Attorney (Name and Address):
Charles P. Kersch, Jr.
Law Office of Charles P. Kersch, LLC
225 Union Blvd, Ste. 150, Lakewood, CO 80228
Phone Number: 303-974-6982   E-mail: cpklaw@msn.com
FAX Number: 303-835-0908   Atty. Reg. #: 38027

DATE FILED: June 19, 2023 3:37 PM
FILING ID: FAE046C4F90DA
CASE NUMBER: 2023CV31101

▲   COURT USE ONLY   ▲

Case Number: 23CV31101

Division: 202      Courtroom:

## AFFIDAVIT OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action and that I served THE FOLLOWING DOCUMENTS Civil Case Cover Sheet, Summons, Complaint, Exhibits A - D, and Delay Reduction Order on the Defendant/Respondent in Baton Rouge, Louisiana (name of County/State) on Tuesday, June 13, 2023 (date) at 4:00 PM (time) at the following location: 9522 Brookline Ave., Baton Rouge, LA 70809.

☒ By handing the documents to a person identified to me as the Defendant/Respondent: Timothy P. McKey, Registered Agent of Vista Consulting, Inc. (print name of person served).

☐ By identifying the documents, offering to deliver them to a person identified to me as the Defendant/Respondent who refused service, and then leaving the documents in a conspicuous place.

☐ By leaving the documents at the Defendant/Respondent's usual place of abode with _____ (Name of Person) who is a member of the Defendant/Respondent's family and whose age is 18 years or older. (Identify family relationship)_____.

☐ By leaving the documents at the Defendant/Respondent's usual workplace with _____ (Name of Person) who is the Defendant/Respondent's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☐ By leaving the documents with _____ (Name of Person), who as _____ (title) is authorized by appointment or by law to receive service of process for the Defendant/Respondent.

☐ By serving the documents as follows (other service permitted by C.R.C.P 4(g) or C.R.C.P. 304(c)(d) and (e): _____.

☐ **For Eviction Cases Only.**
I have made diligent efforts such as _____ (list personal service attempts) but have been unable to make personal service on the Defendant/Respondent(s) and I have made service of the within summons and complaint by posting a copy of them in a conspicuous place upon the premises described therein.

**I have charged the following fees for my services in this matter:**

☒ Private process server

☐ Sheriff, _____ County
Fee $ _____   Mileage $ _____

Herb Battistella, Process Server
Capital Process Service, LLC
5916 S. Shore, Dr., Baton Rouge, LA 70817
225-756-2537

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on the <u>14th</u> day of <u>June</u>, <u>2023</u>
               (date)       (month)  (year)

<u>Baton Rouge, LA  70817</u>
(city or other location, and state OR country)

<u>Herb Battistella, Process Server</u>
(Printed Signature)

Signature

6/14/2023
Date

JDF 98   R4/20   AFFIDAVIT OF SERVICE