IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01786-PAB-KAS

FRANK D. AZAR, and
FRANK D. AZAR & ASSOCIATES, P.C., a Colorado professional services corporation,

    Plaintiffs,

v.

TIMOTHY P. MCKEY, C.P.A.,
MCKEY BUSINESS GROUP, APC, and
VISTA CONSULTING, INC.,

    Defendants.

---

## ORDER

---

This matter comes before the Court on Plaintiffs Frank D. Azar and Frank D. Azar & Associates, P.C.'s Motion for Remand [Docket No. 18]. Defendants Timothy McKey, McKey Business Group, APC, and Vista Consulting, Inc. filed a response on September 5, 2023. Docket No. 27. Plaintiffs filed a reply on September 9, 2023. Docket No. 30.

## I. BACKGROUND

On December 9, 2021, plaintiffs filed a complaint against defendants in the district court of Arapahoe County, Colorado (the "first state court action") based on plaintiffs' 2017 tax return that defendants prepared. Docket No. 18-1 at 2–4, ¶¶ 9–25. On January 18, 2022, defendants filed a motion to dismiss duplicative claims. Docket No. 18-2. Plaintiffs and defendants entered into a Voluntary Stand Still Agreement ("the Tolling Agreement"), effective December 9, 2021. Docket No. 18-4. The purpose of

this agreement was, in part, to allow plaintiffs to pursue a petition in the United States Tax Court and to thereby enable the extent of the damages sought by plaintiffs to be informed by the decision of the Tax Court. *Id.* at 1. Plaintiffs filed a new complaint in state court (the "second state court action") on June 9, 2023, alleging the same damages as the previously filed case. Docket No. 1-4 at 1–6, ¶¶ 1–37. On July 13, 2023, defendants removed the case to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1.

## II. LEGAL STANDARD

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). Pursuant to § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Federal district courts must strictly construe their removal jurisdiction." *Env't. Remediation Holding Corp. v. Talisman Cap. Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000). If, at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted).

### III. ANALYSIS

Plaintiffs argue the case should be remanded to state court for two reasons. First, plaintiffs argue that defendants' removal was contrary to the forum selection clause of the Tolling Agreement. Docket No. 18 at 4. Second, plaintiffs contend that defendants waived their right to remove the case by filing a motion to dismiss duplicative claims in the first state court action. *Id.* at 5.

### A. Forum Selection Clause

Plaintiffs argue that defendants' removal violated the forum selection clause of their Tolling Agreement. *Id.* at 4. The forum selection clause in the Tolling Agreement states:

> This Agreement shall be deemed to be a contract made under the laws of the State of Colorado and for all purposes shall be governed by and construed in accordance with the laws of the State of Colorado. Venue concerning this Agreement shall be in the District Court of Arapahoe County, Colorado.

Docket No. 18-4 at 4, ¶ 9. The Tolling Agreement was amended on March 8, 2023 to extend the time period in which plaintiffs could resume litigation until June 11, 2023. Docket No. 18-5. All other terms of the agreement, including the venue provision, were unchanged by the amendment. *Id.* at 2, ¶ 2.

Parties may prospectively select a forum for disputes over an agreement. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). Forum selection clauses may include language that waives a party's right to remove a state case to federal court. *Id.* Here, the Tolling Agreement contains a choice of law provision. Docket No. 18-4 at 4, ¶ 9. That provision states that "[t]his agreement shall be deemed to be a contract under the laws of the State of Colorado and for all purposes shall be

3

governed by and construed in accordance with the laws of the State of Colorado." *Id.* Thus, the Court will use Colorado law to interpret the Tolling Agreement.

Under Colorado law, a contract must be construed to ascertain and effectuate the intent of the parties as determined primarily from the language of the contract. *Gol TV, Inc. v. EchoStar Satellite Corp.*, 692 F.3d 1052, 1055 (10th Cir. 2012) (applying Colorado law). "To determine the intent of the parties, the court should give effect to the plain and generally accepted meaning of the contractual language." *Id.* (quoting *Copper Mountain, Inc. v. Indus. Sys., Inc.*, 208 P.3d 692, 697 (Colo. 2009)). "The court should ascertain the meaning of the contract by examining the entire instrument and not by viewing clauses or phrases in isolation." *Copper Mountain, Inc.*, 208 P.3d at 697 (citation and quotations omitted). When the terms of an agreement are ambiguous, the court may consider extrinsic evidence of the party's intent. *Level 3 Commc'ns, LLC v. Liebert Corp.*, 535 F.3d 1146, 1154–55 (10th Cir. 2008); *E. Ridge of Fort Collins, LLC v. Larimer & Weld Irr. Co.*, 109 P.3d 969, 974 (Colo. 2005) ("our courts no longer apply a rigid 'four corners' rule"). However, "ambiguity must appear in the four corners of the document before extrinsic evidence can be considered"; "extrinsic evidence cannot create ambiguity." *Am. Fam. Mut. Ins. Co. v. Hansen*, 375 P.3d 115, 117 (Colo. 2016).

Plaintiffs argue that, by agreeing to the forum selection clause, defendants waived their right to remove the case. Docket No. 18 at 4. They contend that the intent of the agreement was to pause the litigation as a whole and therefore the parties intended the forum selection clause to apply to all of plaintiffs' claims. Docket No. 30 at 1–2, ¶¶ 1–2. Plaintiffs claim that this intent is manifested in the parties' joint stipulation to dismiss the original state court case. *Id.* at 2, ¶ 3. The joint stipulation states that, "in

4

accordance with the Stand Still Agreement," the parties agree to "preserve, unimpaired by the passage of time, all of the parties' rights (including the right to re-file the action), causes of action and defenses." *Id.* (emphasis omitted); Docket No. 30-1 at 1.

Defendants respond that the forum selection clause applies only to disputes about the Tolling Agreement and does not apply to the underlying professional negligence claims asserted by plaintiffs. Docket No. 27 at 1, 3. Defendants argue that the intent of the Tolling Agreement was only to preserve plaintiffs' claims against the statute of limitations and did not otherwise waive the rights of either party. *Id.* at 3. They point out that no party has raised a time-related defense in this case and assert that the Tolling Agreement is therefore irrelevant. *Id.* at 5.

The Court finds that the forum selection clause of the Tolling Agreement unambiguously applies only to disputes regarding the Tolling Agreement itself. The forum selection clause states that "[v]enue *concerning this Agreement* shall be in the District Court of Arapahoe County, Colorado." Docket No. 18-4 at 4, ¶ 9 (emphasis added). The word "concerning" is a prepositional predicate that modifies the word "venue" to relate to "this Agreement," meaning that the restriction of venue to Arapahoe County District Court applies only to disputes related to the meaning or enforcement of the terms and promises contained within the Tolling Agreement.

Plaintiffs' argument that "the parties' dispute over proper venue for this action is still a dispute about, or arising from, the Agreement itself," Docket No. 30 at 2 n.2, is unconvincing. First, the words "arising from" do not appear in the Tolling Agreement's venue language. Second, disputes "concerning" the Tolling Agreement cannot be equated with the litigation claims that are referenced in the Tolling Agreement. The

5

Tolling Agreement makes many references to the underlying litigation. The first paragraph of the Tolling Agreement refers to the "lawsuit presently pending"; the second paragraph refers to the "Lawsuit"; and the fifth paragraph and the paragraphs numbered "3" and "4" refer to the "Litigation." Docket No. 18-4 at 1. By contrast, the Tolling Agreement is referred to in the Tolling Agreement as the "Stand Still Agreement" or "this Agreement." *Id.* at 1, 4. In other words, the parties use a nomenclature in the Tolling Agreement that distinguishes between the "lawsuit" or "Litigation" and "this Agreement." Therefore, when the parties use the term "this Agreement" in the venue clause, it does not properly refer to the "Litigation" or "lawsuit," as plaintiffs argue, but rather to just the Tolling Agreement.

Given that the venue clause is limited to disagreements regarding the meaning of the Tolling Agreement, the venue provision of the Tolling Agreement does not constitute a waiver of defendants' ability to remove this case in the second state court action.[1]

### B. Waiver Based on Conduct in First State Court Action

Plaintiffs argue that defendants have waived their right to remove this case to federal court because they filed a motion to dismiss duplicative claims in the first state court action. Docket No. 18 at 5. Defendants agree that they filed a motion to dismiss duplicative claims in plaintiffs' first state court action, but they maintain that fact has no bearing on whether they could remove plaintiffs' second state court action. Docket No. 27 at 5–6. Defendants point out that, on June 9, 2023, plaintiffs filed a new case with a different case number. *Compare* Docket No. 18-1 at 1 *with* Docket No. 1-4 at 1.

---

[1] The Court declines to review whether statements made in the motion to dismiss ambiguate the intent of the parties given the clear language in the Tolling Agreement. *Hansen*, 375 P.3d at 117.

6

A defendant can waive his right to remove a case to federal court "by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017) (citation omitted). "This waiver must be clear and unequivocal, meaning that short of the defendant seeking an adjudication on the merits, the right to removal is not lost." *Id.* (citation, alterations, and quotations omitted). Thus, for the waiver-by-litigation doctrine to apply, defendants must have taken a substantial offensive or defensive action in the state court. *Soto Enters., Inc.*, 864 F.3d at 1098. Such a step must seek an adjudication on the merits. *Id.* Motions that do not require the court to adjudicate on the merits – such as motions to dismiss for lack of jurisdiction, improper venue, or insufficient process – do not implicate the waiver doctrine's goal of promoting judicial economy and preventing duplicative ligation. *Id.* at 1099 n.13.

In their motion to dismiss duplicative claims in the first state court action, defendants argued that plaintiffs' claims for breach of contract, promissory estoppel, and breach of fiduciary duty should have been dismissed as duplicative of plaintiffs' professional negligence claim. Docket No. 18-2 at 2. Plaintiffs state that the state court denied defendants' motion to dismiss duplicative claims. Docket No. 18 at 3, ¶ 3.[2] To resolve this motion, the state court need not have reached the substance of plaintiffs' claims. *Hallum v. Four Corners OB-GYN*, 2019 WL 1242237, at *6 (D.N.M. Mar. 18,

---

[2] No party has provided the Court with a copy of the state court's order denying defendants' motion to dismiss duplicative claims. Nevertheless, the Court finds that it need not review the substance of the state court's order, as the Court presumes the state court's order is consistent with the principles of Colorado law generally applicable to the resolution of such a motion.

7

2019) ("Duplicative claims may be dismissed pursuant to Rule 12(b)(6) or may be stricken pursuant to Rule 12(f) as 'redundant, immaterial, impertinent, or scandalous' for the sake of judicial efficiency."); *Cessna v. Ethicon, Inc.*, 2020 WL 2121392, at *8 (M.D. Ga. Apr. 2, 2020) ("issues of whether a claim is duplicative more closely resemble matters 'in abatement' rather than matters on the merits") (citing *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008) (distinguishing between merits issues for which judgment is appropriate and matters "in abatement" for which dismissal is appropriate, *i.e.*, jurisdictional problems, service problems, and pleading defects). Instead, the court was required to review whether the claims rest on the same set of factual allegations. *Brancato v. Panio*, No. 12-cv-02338-MSK-MEH, 2013 WL 12324483, at *4 (D. Colo. Feb. 21, 2013) ("In general, when a claim for breach of a fiduciary duty arises out of the same material facts as a claim for negligence, the claims are duplicative and the fiduciary duty claim should be dismissed."); *Aller v. L. Off. of Carole C. Schriefer*, *P.C.*, 140 P.3d 23, 27 (Colo. App. 2005). Because defendants' motion did not require the court to rule on the merits of plaintiffs' claims, it was not a substantial defensive step and did not waive the defendants' right to remove the case to state court.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Motion for Remand [Docket No. 18] is **DENIED**.

DATED February 27, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge