IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01786-PAB-KAS

FRANKLIN D. AZAR, and
FRANKLIN D. AZAR & ASSOCIATES, P.C., a Colorado professional services
corporation,

      Plaintiffs,

v.

TIMOTHY P. MCKEY, C.P.A.,
MCKEY BUSINESS GROUP, APC, and
VISTA CONSULTING, INC.,

      Defendants.

_____

**ORDER**
_____

      This matter comes before the Court on the Motion to Dismiss Duplicative Claims [Docket No. 14], filed by defendants Timothy P. McKey, McKey Business Group, APC, and Vista Consulting, Inc. (collectively, the "defendants").  Plaintiffs Franklin D. Azar and Franklin D. Azar & Associates, P.C. filed a response, Docket No. 16, and defendants filed a reply.  Docket No. 19.

## I.    BACKGROUND

      This case arises out of defendants' preparation of plaintiffs' 2017 tax returns. Docket No. 3 at 1, ¶ 1.  The complaint alleges that in December 2019 the Internal Revenue Service ("IRS") notified plaintiffs of significant errors in their 2017 federal income tax returns and proposed substantial adjustments to the amount of tax due, penalties, and interest.  *Id.* at 1–2, ¶ 3.  On December 9, 2021, plaintiffs filed a complaint against defendants in state district court in Arapahoe County, Colorado for

alleged damages based on the IRS's proposed income tax adjustments. Docket No. 18-1 at 2–4, ¶¶ 9–25. On January 18, 2022, defendants filed a motion to dismiss duplicative claims. Docket No. 18-2. The state court denied defendants' motion. Docket No. 16 at 1, ¶ 3. Plaintiffs and defendants later entered into a Voluntary Stand Still Agreement, effective December 9, 2021. Docket No. 18-4 at 1. The purpose of this agreement was, in part, to allow plaintiffs to pursue a petition in the United States Tax Court and to thereby enable the extent of the damages sought by plaintiffs to be informed by the decision of the Tax Court. *Id.* The stand still agreement called for the voluntary dismissal of the state court suit without prejudice, Docket No. 3 at 4, ¶ 5, which appears to have taken place. Plaintiffs filed a new complaint in state court on June 9, 2023, alleging the same damages as the previously filed case. Docket No. 1-4 at 1–6, ¶¶ 1–37. On September 13, 2023, defendants removed the case to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 1–2, ¶ 2.

Plaintiffs assert six claims against defendants based on their handling of plaintiffs' 2017 tax returns: breach of contract, breach of fiduciary duty, professional negligence, negligent misrepresentation, promissory estoppel, and breach of guarantee. Docket No. 3 at 6–10, ¶¶ 38–75. Defendants seek dismissal of every claim except the professional negligence claim because each claim is duplicative of the professional negligence claim. Docket No. 14 at 2. Given that the defendants repeatedly refer to the dismissal of claims, rather than the striking of claims, the Court construes their motion to be made under Federal Rule of Civil Procedure 12(b)(6), and not under Rule 12(f). Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion . . . (6) failure to state a claim upon which relief can be granted."); Fed. R. Civ. P. 12(f) ("The court

2

may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

## II.      LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so

general that they encompass a wide swath of conduct, much of it innocent," then

plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted).

Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still

must contain either direct or inferential allegations respecting all the material elements

necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at

1286 (alterations omitted).

### III.   ANALYSIS

Defendants assert that each of plaintiffs' claims is duplicative of plaintiffs'

professional negligence claim because the "factual basis for each of these claims is the

same, and the claims are based on the same issues, *i.e.*, the alleged failure to

accurately prepare and timely file the 2017 tax returns." Docket No. 14. at 1–2.

Plaintiffs argue that the Court should not dismiss any of their claims because each is

distinct and because dismissal at this stage in the litigation would be inappropriate. *See*

Docket No. 16 at 2–8.

"Federal courts have dismissed claims pursuant to Fed. R. Civ. Pro. 12(b)(6)

when those claims are duplicative of other claims in the suit." *Doe through Doe v.*

*Brighton Sch. Dist. 27J*, 612 F. Supp. 3d 1205, 1218 (D. Colo. 2020) (quoting *Sw. Re,*

*Inc. v. G.B. Investments Reinsurance Co.*, 2011 WL 13114921, at *1 (D.N.M. June 17,

2011) (collecting cases)). Claims are duplicative when they are "substantially the same"

as other claims in the suit. *Sw. Re, Inc.*, 2011 WL 13114921, at *2 (citing *Van Vliet v.*

*Cole Taylor Bank*, 2011 WL 148059, at *2 (N.D. Ill. Jan. 18, 2011) (citing *Norfleet v.*

*Stroger*, 297 F. App'x. 538, 540 (7th Cir. 2008) (unpublished))). "They may also be

duplicative where the plaintiff would not be able to recover damages under the

duplicative theory that are not available under the other theories." *Id.* (citing *Greenhorn v. Marriott Int'l, Inc.*, 258 F. Supp. 2d 1249, 1260–61 (D. Kan. 2003)). "If the substance of the claim is already asserted in another claim, then the second claim is duplicative." *Id.* (citations omitted). Courts may also "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" pursuant to Federal Rule of Civil Procedure 12(f). Fed. R. Civ. P. 12(f). However, Federal Rule of Civil Procedure 8 allows a party to plead alternative theories of liability. Fed. R. Civ. P. 8(d)(2).

To establish a claim of negligence, a plaintiff "must establish the existence of a duty, a breach of that duty, causation, and damages." *Redden v. SCI Colorado Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001). "When a claimant levels a negligence or fault claim against a professional, that professional is judged according to the tenets of the field to which he or she belongs. The successful claimant will therefore demonstrate that the professional's conduct fell below the standard of care appropriate to the profession." *Id.* (citation omitted).

In the complaint, plaintiffs assert that defendants owed them a duty of care "to perform accounting, financial services, and tax preparation duties competently and consistent with the standard of care and practice of competent licensed certified public accountant[s], and tax professionals authorized to practice before the Internal Revenue Service." Docket No. 3 at 7–8, ¶ 52. Plaintiffs claim this duty extended to ensuring that plaintiffs were not put "at unreasonable risk of harm of financial disadvantage." *Id.* at 8, ¶ 53. Plaintiffs claim that the defendants breached their duty in the following ways:

> a. Failing to accurately prepare Frank Azar's IRS Form 1040, U.S. Individual Income Tax Return, for taxable year 2017;
> b. Failing to accurately prepare FDA & Assocs.' IRS Form 1120S, U.S. Tax Return for an S Corporation, for taxable year 2017;

c. Failing to accurately prepare the IRS Form 1065, U.S. Return of Partnership Income, of FDJR Ventures, LP for taxable year 2017;
d. Taking erroneous and unrealistic positions on the above-mentioned tax returns; and by
e. Failing to properly advise Plaintiffs as to the positions reported on such tax returns, the legal basis for such positions, the risks associated with taking such positions, the possible consequences of reporting such positions, or otherwise bringing such errors and omissions on the tax returns to the attention of the Plaintiffs.

*Id.*, ¶ 55.  Plaintiffs seek "compensatory damages, consequential damages, and any other damages, and attorney fees and costs including pre and post judgment interest" for the defendants' alleged professional negligence.  *Id.*, ¶ 59.  Defendants argue plaintiffs' other claims are duplicative of their professional negligence claim.

## A.  Breach of Fiduciary Duty

Defendants argue that plaintiffs' breach of fiduciary duty claim should be dismissed because the claim relies on nearly identical allegations to the professional negligence claim.  Docket No. 14 at 5.  Both claims allege that the defendants breached their duty "to exercise reasonable care and skill competently and consistent with the standard of care and practice of competent licensed certified public accountants, and tax professionals authorized to practice before the Internal Revenue Service."  *Id.*; Docket No. 3 at 7–8 ¶¶ 47, 52.  Both claims allege that the defendants breached their duty in the same five ways, as enumerated earlier.  Docket No. 14 at 5; Docket No. 3 at 7–8 ¶¶ 47, 55.  The Court notes that the claims also seek the same "compensatory damages, consequential damages, punitive damages, and attorney fees and costs including pre and post judgment interest."  Docket No. 3 at 7–8 ¶¶ 50, 59.  Defendants point to instances where Colorado courts have dismissed claims for breach of fiduciary duty because they were duplicative of claims of professional negligence.  Docket No. 14

6

at 2–3; *Awai v. Kotin*, 872 P.2d 1332, 1337 (Colo. App. 1993) ("[W]e affirm the dismissal of the claim of breach of fiduciary duty.  The factual allegations in support of this claim are the same as those in support of the claim of negligence and present the same issue for the jury."); *Spoor v. Serota*, 852 P.2d 1292, 1294 (Colo. App. 1992) (The "same duty is imposed upon physicians under negligence theories and was the genesis of plaintiffs' claims here.  Under these circumstances, we conclude that assertion of a claim for breach of fiduciary duty against Serota would have been duplicative, because the same issue was before the jury in the context of plaintiffs' negligence claims.") (internal citation omitted); *Moguls of Aspen, Inc. v. Faegre & Benson*, 956 P.2d 618, 621 (Colo. App. 1997) (citation omitted) ("We recognize that circumstances may exist in which a lawyer may be guilty both of malpractice and of other violations of his or her fiduciary obligations.  If a claimed fiduciary violation is separate and independent from any alleged negligence, separate claims may well be properly asserted.  This, however, is not such a case.").

Plaintiffs "acknowledge that there is Colorado law that supports the proposition that a breach of fiduciary duty by an attorney is no different than attorney negligence." Docket No. 16 at 3 (citation and quotations omitted).  However, plaintiffs attempt to distinguish the cases defendants cite by arguing that those cases pertain only to professional negligence claims brought against lawyers and physicians.  *Id.*  They argue that public accountants perform a role that is distinct from lawyers and physicians, which imposes on them "a public responsibility [that] transcend[s] any employment relationship."  *Id.* (citing *United States v. Arthur Young & Co.*, 465 U.S. 805, 806 (1984)).  Plaintiffs contend that, while their claim for professional negligence concerns

7

defendants' breach of their duty to exercise the appropriate standard of care, plaintiffs'

claim for breach of fiduciary duty concerns defendants' breach of their public

responsibilities.  *Id.* at 3–4.  They argue this breach is based on the defendants attesting

to the accuracy of the information contained in the tax returns.  *Id.*

The Court finds that plaintiffs' claim for breach of fiduciary duty is duplicative of

their professional negligence claim.  First, although plaintiffs assert in the response that

their claim for breach of fiduciary duty incorporates a breach of the duties owed by an

accountant to the public, that does not appear on the face of the complaint.  Instead,

both claims rely on the same duty owed to the plaintiffs privately – "to exercise

reasonable care and skill competently and consistent with the standard of care and

practice of competent licensed certified public accountants, and tax professionals

authorized to practice before the Internal Revenue Service."  Docket No. 3 at 7–8,

¶¶ 47, 52.  Second, plaintiffs' cases rely on the principle that fiduciary duty claims are

duplicative of professional negligence claims when the negligence claim is predicated

on a breach of the professional's fiduciary duty.  Plaintiffs provide no persuasive

arguments as to why this principle should pertain only to claims brought against doctors

and lawyers.  *See Redden*, 38 P.3d 80 (applying professional negligence beyond the

context of doctors and lawyers).  Given that plaintiffs' complaint defines the defendants'

duty identically in both claims, alleges that the duty was breached in identical ways, and

alleges identical damages, the Court finds that plaintiffs' claims for breach of fiduciary

duty and professional negligence are substantially the same.  *RMCO Holdings, LLC v.*

*Golden Trading & Transp., LLC*, No. 22-cv-00650-NYW-KLM, 2023 WL 1437892, at *16

(D. Colo. Feb. 1, 2023), *report and recommendation adopted in part, rejected in part*,

2023 WL 3815069 (D. Colo. June 5, 2023) (dismissing claims that were substantially

the same).  As such, the Court will dismiss plaintiffs' breach of fiduciary duty claim.

### B. Breach of Contract, Promissory Estoppel, and Breach of Guarantee

Defendants assert that plaintiffs' claims for breach of contract, promissory

estoppel, and breach of guarantee should all be dismissed because they rely on the

same conduct that establishes the basis of plaintiffs' professional negligence claim.

Docket No. 14 at 3.  Defendants rely on *McLister v. Epstein & Lawrence, P.C.*, 934 P.2d

844, 847 (Colo. App. 1996), for the proposition that, "where a claim for breach of

contract is based on the same elements as a professional negligence claim, and not on

a violation of a specific term of a contract, the breach of contract claim should be

dismissed."  *Id.* (*also citing Torres v. Edwards*, 107 P.3d 1110, 1113 (Colo. App. 2004)).

In *McLister*, the Colorado Court of Appeals upheld the trial court's determination that the

breach of contract claim "was subsumed into plaintiff's malpractice claim" because the

plaintiff's claim "was based on the attorney-client relationship rather than on a specific

term in the contract."  *McLister*, 934 P.2d at 847.  The claim was "based on a provision

in the contract that defendants would provide legal representation 'faithfully and with

due diligence,'" which the court equated to the duty imposed on attorneys by tort law.

*Id.*

Defendants assert that the breach of contract claim is similarly subsumed into

plaintiffs' professional negligence claim because the breach of contract claim is

premised on defendants' failure "to accurately prepare the aforementioned tax returns

by reporting erroneous and unrealistic position[s] on the returns."  Docket No. 14 at 4

(quoting Docket No. 3. at 6, ¶ 40).  Defendants argue that "this claim is based on the

alleged failure to appropriately perform professional tax services, *i.e.* professional negligence." *Id.* Because it is not based on a specific provision of the contract, they argue that the Court should follow the *McLister* court and dismiss plaintiffs' breach of contract claim.

Defendants reason that plaintiffs' promissory estoppel claim should be dismissed because it parrots the professional negligence claim to the same degree as the fiduciary duty claim. *Id.* at 6. Specifically, they contend that plaintiffs' complaint repackages their alleged acts of negligence as ex-ante implicit promises on which the plaintiffs relied. *Id.*; *compare* Docket No. 3 at 8, ¶ 55 ("Such [negligence] include[s] but [is] not limited to: (a) Failing to accurately prepare Frank Azar's IRS Form 1040, *U.S. Individual Income Tax Return*, for taxable year 2017"), *with id.* at 9, ¶ 66 ("Defendants should have reasonably expected Plaintiffs to rely upon them to: (a) Accurately and timely prepare Frank Azar's IRS Form 1040, *U.S. Individual Income Tax Return*, for taxable year 2017"). Defendants argue that this claim is "based entirely on Defendants' alleged failure to appropriately provide professional services that are identical to the professional negligence claim." Docket No. 14 at 6.

Defendants argue that plaintiffs' breach of guarantee claim should be dismissed because it does not assert a specific term of the guarantee that defendants breached. *Id.* at 7. Defendants state that, to prevail on the guarantee claim, plaintiffs will have to establish that defendants failed to appropriately perform professional services such that a reasonable customer would not be satisfied. *Id.* (citing *Pershouse v. L.L. Bean, Inc.*, 368 F.Supp.3d 185, 189–90 (D. Mass. 2019)). To do this, defendants insist plaintiffs would rely on "identical proof" to establish both claims. *Id.*

Plaintiffs respond that their breach of contract claim, like their claim for breach of guarantee, is based on the part of the contract which states, "[o]ur work is guaranteed to the complete satisfaction of the customer!  If you are not delighted by the services performed by the Vista Consulting Team, we will either refund the price, or propose a price reduction that reflects your level of satisfaction."  Docket No. 16 at 5.  They argue that, whereas "[n]egligence claims are based on the premise that persons or entities have certain legislatively or judicially recognized duties toward others and are required to act reasonably to fulfill such duties," "breach[es] of contractual guarantee are based on Defendants' failure to perform [ ] guaranteed contractual performance obligations." *Id.* at 7 (citing *Baumgarten v. Coppage*, 15 P.3d 304, 307 (Colo. App. 2000)).[1]  Plaintiffs also identify that they are seeking only a full refund under their breach of guarantee claim, although they seek similar damages under their breach of contract and professional negligence claims.  *Id.*  Plaintiffs fail to respond to defendants' arguments seeking dismissal of their promissory estoppel claim.  *See id.*  Instead, they conflate their promissory estoppel and negligent misrepresentation arguments.  *Id.*

The Court finds that plaintiffs' claims for breach of contract, promissory estoppel, and breach of guarantee are not substantially similar to plaintiffs' professional negligence claim.  Each of these claims sounds in contract rather than in tort.  *Dream Finders Homes LLC v. Weyerhaeuser NR Co.*, 506 P.3d 108, 114 (Colo. App. 2021) ("A

---

[1] Plaintiffs also cite "*Ultegra Fin. Partners v. Marzolf* (D. Colo. 2020)."  Docket No. 16 at 7.  However, the district court issued two orders in that case in 2020 and the plaintiffs do not identify which one they are citing.  *See Ultegra Fin. Partners, Inc. v. Marzolf*, No. 19-cv-00038-MSK-MEH, 2020 WL 956432 (D. Colo. Feb. 27, 2020); *Ultegra Fin. Partners, Inc. v. Marzolf*, No. 19-cv-00038-MSK-MEH, 2020 WL 1036045 (D. Colo. Mar. 3, 2020).

party to a breached contract may assert tort claims and contract claims in the same lawsuit."); Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively or hypothetically.").  Each claim has different elements from the elements of a professional negligence claim.[2]  Finally, it is not clear that plaintiffs' proof for each of these claims would be the same as their proof for the professional negligence claim.  Given the early stage of this litigation and the ability of plaintiffs to pursue multiple theories of liability under Federal Rule of Civil Procedure 8, the Court will not dismiss plaintiffs' breach of contract claim, promissory estoppel claim, and breach of guarantee claim as duplicative of plaintiffs' professional negligence claim.

## C. Negligent Misrepresentation

Defendants assert that plaintiffs' claim for negligent misrepresentation is duplicative of plaintiffs' professional negligence claim because they are both premised on defendants' alleged "failure to appropriately perform professional tax services." Docket No. 14 at 6.  Plaintiffs' complaint alleges that defendants "made representations of material fact concerning: (1) Defendants' ability to maximize and optimize Plaintiffs [sic] operations, and (2) Defendants' ability to provide high-level accounting, tax and

---

[2] *See Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1033 (10th Cir. 2018) (The elements for breach of contract are "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff."); *Jones v. Denver Pub. Schs.*, 427 F.3d 1315, 1325 (10th Cir. 2005) (The elements for promissory estoppel are "(1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promisee; (3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and (4) the promise must be enforced to prevent injustice."); *Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1271 (10th Cir. 2020) (The elements for a breach of guarantee are (1) the existence of a guarantee, (2) breach of the guarantee, (3) the breach proximately caused the losses claimed as damages, and (4) defendant received timely notice of the breach).

consulting services to Plaintiffs for proper operation and management of their businesses," which the plaintiffs relied on to their detriment.  Docket No. 3 at 9, ¶¶ 61, 63.  Plaintiffs argue that the negligent misrepresentation claim is based on "false information that the defendant gave the plaintiff for use in a business transaction between the plaintiff and the defendant."  Docket No. 16 at 5 (citing *Keller v. A.O. Smith Harvestore Prods., Inc.*, 819 P.2d 69, 72 (Colo. 1991)).  They argue that, because this claim is based on pre-contractual representations, it is distinct from claims premised on defendants' breach of the duty imposed by the formation of a professional relationship between the parties.  *Id.*  The Court agrees.  At this stage in the litigation, the Court will not dismiss plaintiffs' negligent misrepresentation claims because the conduct giving rise to the claim is, in part, distinct from defendants' alleged failures to properly file plaintiffs' 2017 tax returns.  Based on the complaint, the Court does not find these claims are substantially similar.

## IV.   CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Dismiss Duplicative Claims [Docket No. 14] is **GRANTED in part and DENIED in part**.  It is further

**ORDERED** that plaintiffs' second claim, breach of fiduciary duty, is **DISMISSED without prejudice**.

DATED Feb 29, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge